**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MILWAUKEE,<br><br>Defendant. | No. 26-cv-1293 |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO CIVIL L. R. 7(h)**

Notwithstanding that this Court permitted "limited" discovery that Defendant represented was necessary for its preparation of its response to the pending Motion for Preliminary Injunction,[1] Defendant has instead propounded unduly burdensome and overbroad discovery requests consisting of forty-six (46) requests for admissions (RFAs), seven interrogatories (Rogs), and eight requests for production (RFPs). Because many of those requests have *no* bearing on the discrete legal questions raised in that motion, Plaintiff moves pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 7(h) for a protective order relieving it of any obligation to respond to such unreasonable requests. In addition, Plaintiff seeks a protective order covering any Confidential Information that Plaintiff produces in response to the RFPs. The undersigned counsel has conferred with Defendant's counsel, who oppose this motion.

**ARGUMENT**

There is good cause to enter a protective order in this case relieving Plaintiff of any obligation to respond to RFAs 17-19, 41-46; Rogs 1-2; and RFPs 6-7; and protecting from public

[1] Minutes of Conference, *United States v. City of Milwaukee*, No. 26-CV-1293 (E.D. Wis. Aug. 13, 2026).

disclosure any production of responsive documents. *See Walsh v. Alight Sols. LLC*, 44 F.4th 716, 727 (7th Cir. 2022) ("[A] district court is required to 'independently determine if good cause exists' before judicially protecting discoverable documents from third-party disclosure"). Defendant's requests were served in a preliminary injunction context where the narrow issue before the Court is whether the Milwaukee Code of Ordinances (MCO) 105-140 ("the Ordinance") should be preliminarily enjoined because it impermissibly regulates the Federal Government by mandating uniform and identification requirements of such officers when acting in an official capacity. *See Amsted Indus. v. Nat'l Castings, Inc.*, No. 88 C 924, 1990 WL 106548, *27 (N.D. Ill. July 11, 1990) (explaining purpose of a preliminary injunction). Instead of restricting its requests to that limited question, Defendant served sixty-one (61) requests in total, many of which have subparts. As explained below, the Court should relieve Plaintiff of any obligation to respond to the following four categories of requests because they are overbroad, unduly burdensome, and not proportional to the needs of the case, particularly, Defendant's preparation of its forthcoming response to that the pending motion.

First, Defendant has propounded RFAs covering irrelevant topics (e.g., general Wisconsin criminal law, First Amendment rights of citizens). *See* Fed. R. Civ. P. 26(b)(1); *see, e.g.*, RFA 17 ("Admit that citizens have a right under the First Amendment . . . to photograph, film, and publish law enforcement activities that occur in public"); RFAs 41-46 (demanding that Plaintiff "[a]dmit that citizens may be licensed to carry concealed weapons," "citizens may use reasonable force" or "use deadly force" or have a "duty to retreat" or "may use force to resist" or that any force used "poses a risk of injury"). None of these requests pertains to the narrow question presently before the Court.

Second, Defendant has propounded requests for information that is more readily accessible

to Defendant than Plaintiff. *See* Fed. R. Civ. P. 26(b)(1); *see, e.g.*, RFAs 18-19 (requiring Plaintiff to admit that local law enforcement "face the same or similar risks as federal law enforcement"). Because Defendant already has this information, or otherwise can obtain this information from sources other than the United States, Plaintiff should not have to respond.

Third, Defendant propounded requests improperly seeking pure conclusions of law. *See LKQ Corp. v. Kia Motors Am., Inc.*, No. 21 C 3166, 2023 WL 2429010, at *6 (N.D. Ill. Mar. 9, 2023) ("requests to admit pure legal conclusions are improper . . ."); *see e.g.,* RFAs 17, 41-46.

Fourth, Defendant has propounded requests that implicate privileges (e.g., deliberative process and attorney-client communication) and, accordingly, those requests are improper as well. *See, e.g.*, Rogs 1-2.[2] Plaintiff should therefore be relieved of any obligation to respond to any of the foregoing four categories of requests.

Finally, as to any Confidential Information that Plaintiff produces in response to the RFPs, Plaintiff requests that the Court enter the attached order limiting the persons to whom such information is disclosed and the permitted uses of that information. *See* Proposed Protective Order, attached hereto. Absent such an order, federal law enforcement operations and safety might be compromised. Accordingly, there is good cause for this additional request.

**CONCLUSION**

For the foregoing reasons, Plaintiff requests this Court enter the attached proposed protective order limiting or otherwise protecting the disclosure of certain information in response to Defendant's discovery requests.

---

[2] For each RFA denied, Rog 1 requires Plaintiff to "identify all documents and/or information in support of such denial, and all persons consulted and/or documents reviewed in arriving at such denial." For every RFA where a lack of knowledge has been claimed, Rog 2 requires Plaintiff to "identify specifically each and every step taken to attempt to answer such Request to Admit and identify each and every person contacted in attempting to answer said Request to Admit."

Dated: October 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

HILARY K. PERKINS
Director
Enforcement & Affirmative Litigation Branch

JACQUELINE COLEMAN SNEAD
Deputy Director, Affirmative Litigation Section

*/s/ Pooja Majmundar*
POOJA MAJMUNDAR
ALEXANDER FURTAW
Trial Attorneys
Enforcement & Affirmative Litigation Branch
Civil Division, U.S. Department of Justice
450 Fifth Street, N.W., Ste 6400 South
Washington, D.C. 20001
Telephone: (202) 598-0280
Email: Pooja.D.Majmundar@usdoj.gov

*Attorneys for Plaintiff*

## **CERTIFICATION**

I certify that on October 9, 2026, at 3:00 pm ET (2:00 pm CT), Plaintiff's counsel and Defendant's counsel conferred in good faith via Microsoft Teams to attempt to resolve this discovery dispute. After a discussion regarding Plaintiff's objections and concerns, the parties were unable to agree. The meeting participants were Pooja Majmundar and Ryan Silverstein for Plaintiff, and Clint Muche and Robin Pederson for Defendant.

Dated: October 9, 2026

*/s/ Pooja Majmundar*
Pooja Majmundar