**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MILWAUKEE,<br><br>Defendant. | No. 26-cv-1293 |

**[PROPOSED] PROTECTIVE ORDER**

Upon consideration of Plaintiff's Motion for Protective Order, any opposition thereto, and the complete record, it is hereby **ORDERED** that Plaintiff's motion for a protective order is **GRANTED**.

It is further **ORDERED** that:

1. Plaintiff is not required to respond to Requests for Admission 17-19 and 41-46, Interrogatories 1-2, and Requests for Production 6-7 because those requests are outside the scope of the limited discovery permitted by the Court and unduly burdensome, irrelevant, or not proportional to the needs of the case. *See* ECF No. 16; Fed. R. Civ. P. 26(b)(1).

and **FURTHER ORDERED** that

2. This action is likely to involve information, including law enforcement sensitive information and information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act"), for which special protection from public disclosure and from use for any purpose other than for litigation of the above-captioned action (the "*Milwaukee* Litigation") is warranted. Such confidential information consists of items identified below, which may be privileged or

otherwise protected from disclosure under federal statutes, court rules, case decisions, or common law.

3. To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to ensure that the parties are permitted reasonably necessary uses of such material for the litigation of this action, to adequately protect information the parties are entitled to keep confidential, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

4. Information shall not be designated as confidential without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause to withhold it from the public record of this case.

5. Thus, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c), and a clawback order pursuant to Federal Rule of Evidence 502(d), to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees, or by any non-parties and their respective counsel, of certain information and items produced and received in discovery in the *Milwaukee* Litigation.

6. Accordingly, Plaintiff is authorized, pursuant to the terms set forth herein, to disclose information responsive to Defendant's discovery requests.

7. "Confidential Information" shall mean information that, at the time of its production in discovery in the *Milwaukee* Litigation, or thereafter, is so designated by the producing party because the producing party possesses a good faith belief that the information:

a. is not in the public domain, or if in the public domain, is improperly in the public domain; and

b. constitutes

(i) contact information, and personal, financial, medical, or other private information relating to an individual, including dates of birth, that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2; or

(ii) information protected by the Privacy Act or any other applicable federal law, and that contains an individual's name, or other particular identifier assigned to the individual; or

(iii) any other information that is protected or restricted from disclosure by court order, statutes, rules or regulations, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure; or

(iv) sensitive law enforcement or national security information where disclosure of such information to the public may adversely impact identifiable law enforcement or national security interests, pose privacy or safety risks, or create operational concerns, including, but not limited to, information about staffing; resources, intelligence, methods, tactics, techniques, and procedures; confidential government personnel information, including identifying information, contact information, job titles, identifying numbers, duty locations, or other identifying details of non-public-facing supervisory and non-supervisory federal and non-federal employees and contractors.

8. "Confidential—Attorneys' Eyes Only Information" shall mean Confidential Information that at the time of its production in discovery in the Milwaukee Litigation, is so designated by the producing party because of a good faith belief that the information is so highly sensitive that disclosure would create a substantial risk of harm that could not be avoided by any less restrictive means, such as certain personal identifying information and law enforcement sensitive information. Material marked Confidential—Attorneys' Eyes Only may only be disclosed to the parties' counsel of record and agency counsel, including their associates, clerks, paralegals, litigation support personnel and other employees who assist counsel in connection with the *Milwaukee* Litigation, and any court adjudicating part of this matter, including judges, law clerks, assistants, interpreters, and stenographic personnel.

9. Confidential Information and Confidential—Attorneys' Eyes Only Information may be used only for the purpose of attempting to litigate the *Milwaukee* Litigation, pursuant to procedures authorized by law, and for no other purpose.

10. No person shall be permitted to have access to Confidential Information or Confidential—Attorneys' Eyes Only Information, nor shall any person be informed of the substance of the Confidential Information or Confidential—Attorneys' Eyes Only Information by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by the parties in writing, or by order of the Court.

11. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

a. Counsel of record for the parties (including agency counsel), and counsel who sign Attachment A and is representing the parties, and their employees and administrative staff with a need to know. Any counsel who sign Attachment A must

only receive documents if in furtherance of their conduct of or assistance with the *Milwaukee* Litigation;

b. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the *Milwaukee* Litigation;

c. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of the *Milwaukee* Litigation for deposition or other transcription services;

d. Actual or potential witnesses in the *Milwaukee* Litigation and with a need to know who agree to be bound by the terms of this Protective Order;

e. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed to in writing by the parties or ordered by the Court.

12. All persons described Paragraph 11, *supra,* shall be provided with a copy of this Protective Order and are hereby restricted to using Confidential Information only for purposes directly related to the *Milwaukee* Litigation and not for any other litigation or proceeding or for any business, commercial, competitive, personal, or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

13. Confidential Information shall not be disclosed to any person or persons described under Paragraph 11, *supra*, unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms by signing a copy of the attached Acknowledgment

form. A copy of each executed Acknowledgment shall be kept by counsel for the party on behalf of which disclosure is made.

14. Designations of Confidential Information and Confidential—Attorneys' Eyes Only Information shall be made by the producing party, prior to or at the time of production, except as otherwise provided by this Protective Order.

15. The designation of Confidential Information and Confidential—Attorneys' Eyes Only Information should be limited to only those documents or portions of documents that qualify under the definition of "Confidential Information" or "Confidential—Attorneys' Eyes Only Information" of this Protective Order.

16. Documents produced in discovery in the *Milwaukee* Litigation that are subject to this Protective Order shall be designated as follows:

a. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Confidential, Subject to Protective Order E.D. Wis. 26-cv-1293" or "Confidential—Attorneys' Eyes Only, Subject to Protective Order E.D. Wis. 26-cv-1293" on each page of the document asserted to contain Confidential Information or Confidential—Attorneys' Eyes Only Information, respectively, or on a cover sheet appended to the document.

b. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Confidential, Subject to Protective Order E.D. Wis. 26-cv-

1293" or "Confidential—Attorneys' Eyes Only, Subject to Protective Order E.D. Wis. 26-cv-1293."

17. For interrogatory answers and responses to requests for admission, designation of Confidential Information or Confidential—Attorneys' Eyes Only Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information or Confidential—Attorneys' Eyes Only Information the following: "Confidential, Subject to Protective Order E.D. Wis. 26-cv-1293" or "Confidential—Attorneys' Eyes Only, Subject to Protective Order E.D. Wis. 26-cv-1293," respectively.

18. For any item produced in discovery in the *Milwaukee* Litigation not falling within Subparagraphs 15 or 16 *supra*, designation of Confidential Information or Confidential—Attorneys' Eyes Only Information shall be made by labeling the item or item's container with "Confidential, Subject to Protective Order E.D. Wis. 26-cv-1293" or "Confidential—Attorneys' Eyes Only, Subject to Protective Order E.D. Wis. 26-cv-1293," respectively. If only a portion or portions of the information contained in the item warrant protection, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

19. Before presenting any dispute under this Protective Order to the Court, the parties must meet and confer in an effort to resolve the issue.

20. If it comes to a producing party's attention that information designated as Confidential Information or Confidential—Attorneys' Eyes Only Information does not qualify or no longer qualifies for such protection, the producing party must promptly notify all parties in writing that it is withdrawing the designation for the applicable information.

21. The termination of the *Milwaukee* Litigation shall not relieve any person or party provided Confidential Information or Confidential—Attorneys' Eyes Only Information of his, her, or its obligations under this Order.

22. Where any party seeks to file Confidential Information or Confidential—Attorneys' Eyes Only Information with this Court, including filing any pleadings, motions, exhibits, or other papers filed with the Court, referencing or containing Confidential Information or Confidential—Attorneys' Eyes Only Information, such party shall move to seal any Confidential Information or Confidential—Attorneys' Eyes Only Information pursuant to any applicable local rule or standing order of the Court governing the procedures for sealing documents.

23. Within sixty (60) days of the resolution by settlement or final judgment of the last proceeding in the *Milwaukee* Litigation, and the termination of any appeals therefrom, all Confidential Information and Confidential—Attorneys' Eyes Only Information, and copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential, Subject to Protective Order E.D. Wis. 26-cv-1293" or "Confidential—Attorneys' Eyes Only, Subject to Protective Order E.D. Wis. 26-cv-1293," respectively, and to which shall be attached a copy of this Order.

24. The provisions of this Order restricting the use and disclosure of Confidential Information or Confidential—Attorneys' Eyes Only Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Order.

25. Entry of this Order does not constitute a determination as to any right, privilege, or immunity Plaintiff may have with respect to the requests, or any objection(s) Plaintiff may have

to the requests. Plaintiff's disclosure of information pursuant to this Order shall not constitute a waiver of any right, privilege, or immunity Plaintiff may have with respect to such information, nor does it constitute a determination by Plaintiff with respect to any legal rights that any party may have in any proceedings incident to the *Milwaukee* Litigation.

26. Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee thereof, from using or disclosing Confidential Information and Confidential—Attorneys' Eyes Only Information for any other purposes authorized by law.

27. This Protective Order may be modified upon motion of the parties to address later stages of these proceedings.

IT IS SO ORDERED, this ____ day of _________________, 2026.

_________________________________
The Honorable Lynn Adelman
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MILWAUKEE,<br><br>Defendant. | No. 26-cv-1293 |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in the United States District Court for the Eastern District of Wisconsin in the above-captioned action, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information or Confidential—Attorneys' Eyes Only Information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive termination of this case and are permanently binding and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

______________________________ Date

______________________________ Print Name

______________________________ Signature