**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 26-cv-1293

CITY OF MILWAUKEE, CAVALIER JOHNSON, Mayor of Milwaukee, in his official capacity; EVAN GOYKE, City Attorney, in his official capacity; JEFFREY NORMAN, Chief of Police, Milwaukee Police Department, in his official capacity,

Defendants.

---

# DEFENDANT'S CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STAY OR ENLARGE SUBSEQUENT DEADLINES

---

## RELEVANT PROCEDURAL HISTORY

The Court held a scheduling conference in this matter on August 13, 2026. (ECF Nos. 16 and 17). At that time, the Court ordered the parties to complete discovery related to Plaintiff's motion for preliminary injunction within sixty (60) days, i.e., on or before October 13, 2026. (*Id.*). The Court additionally set subsequent briefing deadlines based on the belief that discovery would be completed on or before that date. (ECF No. 17).[1]

Defendant City of Milwaukee propounded seven (7) interrogatories, eight (8) requests for production, and forty-six (46) requests to admit on September 4, 2026. (ECF No. 26, 1). On September 29, 2026, Plaintiff's counsel requested an extension until Friday, October 9, 2026, to

[1] "Defendants' response to plaintiff's motion for preliminary injunction shall be filed by November 13, 2026. Plaintiff's reply in support of its motion shall be filed by November 30, 2026."

produce responsive discovery which Defendant assented to. *See* Muche Declaration, ¶ 4. On October 7th, after the original deadline to respond had passed, Plaintiff's counsel emailed requesting to meet and confer regarding their proposed protective order for the first time. *Id.*, ¶ 5. Defendant was open to meeting but requested Plaintiff to produce their proposed order for review first. *Id.*, ¶ 6. Later the same day, Plaintiff's counsel wrote to advise that she was not authorized to share the proposed order that day. *Id.*, ¶ 7. That meeting was cancelled. *Id.* The proposed order was shared after 3 p.m. on Thursday, October 8, 2026. *Id.*, ¶ 8, filed herewith. The parties met and conferred at 2 p.m. on Friday, October 9, 2026. *Id.*, ¶ 9.

On October 9, 2026, counsel for the Defendant received a hyperlink to an internet-based storage application. Subsequent investigation revealed that the materials produced could only be viewed within the application, could not be downloaded, shared with others, or annotated without being monitored by Plaintiff. *Id.*, ¶¶ 11-12.

Defendant was finally permitted to take possession of the materials produced on Friday, October 16, 2025. *Id.*, ¶¶ 13-14. However, these materials are heavily redacted. *Id.*, ¶ 15. The upshot, is that Defendant cannot complete its review until some undetermined future date when final production is made. *Id.*

**ARGUMENT**

District courts enjoy broad discretion to set, vacate, and stay deadlines and control the scope and sequence of discovery. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (noting that motions to stay or postpone discovery "are granted with substantial frequency."). The Court's August 26, 2026 Order establishing Defendants' deadline to respond to Plaintiff's motion for preliminary injunction was premised on the belief that discovery would be completed prior to October 13, 2026. Subsequent events have evolved inconsistent with

that belief through no fault of the Defendant City of Milwaukee. As such, substantial justice merits relief from the prior scheduling deadlines.

Plaintiffs have filed a motion for protective order which the parties are currently litigating. Defendants will serve Notice of Deficiency relative to Plaintiffs' objections and responses consistent with Fed. R. Civ. P. 37 and Civil L. R. 37. *See* Muche Declaration, ¶ 16. These issues are not yet ripe, but they further illustrate that the discovery has not been completed as of this filing.

## CONCLUSION

The Court should stay subsequent deadlines established by reference to the close of discovery. At present, it is too early to predict when the discovery disputes in this case will resolve. As such, a stay is preferable to an enlargement of the time to respond.

But if the Court is disinclined to temporarily stay Defendant's deadline to file its responsive brief, then the Court should (at minimum) enlarge the time to be respond by thirty (30) days to maintain the status quo ante wherein Defendant would have time to review and brief its response *after* obtaining Plaintiffs' responsive production.

Dated and signed at Milwaukee, Wisconsin this 16th day of October, 2026.

EVAN GOYKE
City Attorney

s/Clint B. Muche
CLINT B. MUCHE
Assistant City Attorney
State Bar No. 1131629
THOMAS D. MILLER
Assistant City Attorney
State Bar No. 1030538
ROBIN A. PEDERSON
Deputy City Attorney
State Bar No. 1045759

*Attorneys for Defendant City of Milwaukee*

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Tel: (414) 286-2601
Fax: (414) 286-8550
Email: cmuche@milwaukee.gov
tmiller@milwaukee.gov
rpderson@milwaukee.gov