**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 26-cv-1293

CITY OF MILWAUKEE, CAVALIER JOHNSON, Mayor of Milwaukee, in his official capacity; EVAN GOYKE, City Attorney, in his official capacity; JEFFREY NORMAN, Chief of Police, Milwaukee Police Department, in his official capacity,

Defendants.

---

**DECLARATION OF CLINT MUCHE IN SUPPORT OF DEFENDANT'S MOTION TO STAY OR ENLARGE SUBSEQUENT DEADLINES AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

---

STATE OF WISCONSIN )
) ss.
MILWAUKEE COUNTY )

I, Clint B. Muche, hereby make the following declaration:

1. I am an adult resident of the State of Wisconsin and base this declaration on my personal knowledge.
2. I am employed as an Assistant City Attorney in the City of Milwaukee's City Attorney's Office, and have filed my appearance as attorney of record in the above-captioned case.
3. Defendant City of Milwaukee propounded its first set of written discovery requests to Plaintiff on September 4, 2026, more than thirty (30) days before the close of discovery as set by the Court.

4. On September 29, 2026, Plaintiff's counsel requested an extension from Monday, October 5, 2026, until Friday, October 9, 2026. Defendant assented to this request.
5. On October 7, 2026, Plaintiff's counsel requested to meet and confer about a proposed protective order for the first time in this case.
6. The undersigned counsel agreed to meet the same day, but requested Plaintiff's counsel to produce the proposed order in advance for review.
7. A meeting was scheduled for 3 p.m. CST that afternoon. At 2:39 p.m. CST, Plaintiff's counsel advised that she had "not received sign off on the draft protective order for circulation." Undersigned counsel declined to meet without an opportunity to review in advance.
8. Plaintiff's counsel shared the proposed order after 3 p.m. the following afternoon (i.e., October 8, 2026).
9. The parties virtually met and conferred at 2 p.m. on Friday, October 9th. At that time, undersigned counsel represented that the Defendant could not attest that good cause existed for a confidentiality protective order based on the information within the proposed motion and that the proposed order was inconsistent with Seventh Circuit precedent insomuch as it did not explicitly provide interested parties with an opportunity to object to the filing of materials under seal.
10. The proposed motion (ECF No. 26) and order (ECF No. 26-1) were filed later the same day without any changes.
11. The same evening, counsel of record for the Defendant received a hyperlink to an internet-based storage application purportedly containing responsive production.

12. Subsequently, counsel discovered that the permissions associated with the access advised that users of the portal "have no reasonable expectation of privacy" and that "the government may monitor, intercept, search and/or seize data" within that system.

13. Counsel also discovered that the materials could not be removed (i.e., downloaded) from the portal or printed.

14. More emails were exchanged over the next week. As a result, the Defendant did not actually receive or take possession of the materials produced until Friday, October 16, 2026.

15. Upon review, the materials produced are heavily redacted. Plaintiff's written response indicates unredacted copies will be provided after a protective order is in place. While understandable, the upshot is that Defendant is still awaiting subsequent production of the information sought in discovery to review.

16. Defendant will serve notice of deficiencies related to the objections and responses provided by Plaintiff on or before Monday, October 19, 2026, and anticipate meeting and conferring regarding the same during the week of October 19th.

17. Defendant files herewith, as **Exhibit 1**, the complete text of the unpublished decision in *LKQ Corp. v. Kia Motors America, Inc.*, Case 21 C 3166, 2023 WL 2429010, (N.D. Ill. Mar. 9, 2023) cited in Plaintiff's motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 16th, 2026.

s/Clint B. Muche
CLINT B. MUCHE