**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 26-cv-1293

CITY OF MILWAUKEE, CAVALIER JOHNSON, Mayor of Milwaukee, in his official capacity; EVAN GOYKE, City Attorney, in his official capacity; JEFFREY NORMAN, Chief of Police, Milwaukee Police Department, in his official capacity,

Defendants.

---

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER PURSUANT TO CIVIL L. R. 7(h)

---

## RELEVANT HISTORY

Defendant City of Milwaukee propounded seven (7) interrogatories, eight (8) requests for production, and forty-six (46) requests to admit on September 4, 2026. (ECF No. 26, 1). On September 29, 2026, Plaintiff's counsel requested an extension until Friday, October 9, 2026, to produce responsive discovery which Defendant assented to. *See* ECF No. 28 ("Muche Declaration"), ¶ 4. On October 7th, after the original deadline to respond had passed, Plaintiff's counsel emailed requesting to meet and confer regarding their proposed protective order for the first time. *Id.*, ¶ 5. Defendant was open to meeting but requested Plaintiff to produce their proposed order for review first. *Id.*, ¶ 6. Later the same day, Plaintiff's counsel wrote to advise that she was not authorized to share the proposed order that day. *Id.*, ¶ 7. The meeting was cancelled. *Id.* The

proposed order was shared at 3 p.m. on Thursday, October 8, 2026. *Id.*, ¶ 8. The parties met and conferred at 2 p.m. on Friday, October 9, 2026. *Id.*, ¶ 9. As of this filing, discovery is not complete.[1]

## ARGUMENT

Plaintiff's motion makes two distinct requests: (1) relief from responding to certain requests, and (2) a confidentiality protective order concerning items produced. The Court should deny Plaintiff's motion as to both requests.

### I. PLAINTIFF'S MOTION DOES NOT ESTABLISH GOOD CAUSE AND THE PROPOSED ORDER IS NOT NARROWLY-TAILORED.

The Court has discretion to enter a protective order regarding the confidentiality of documents upon a showing of good cause, provided that the order is narrowly-tailored to that cause and explicitly allows other interested parties to challenge the sealing of documents. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730,740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d 945); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (explaining that the Court has an independent obligation to ensure good cause exists even when the parties agree that it does).

Plaintiff's proposed order does not provide for interested parties to challenge the sealing of documents. The proposed order further does not address why records concerning agency policies would fall outside the scope of 5 U.S.C. § 552,[2] or on what basis these records would not

[1] Counsel for the Plaintiff caused a hyperlink to an internet-based storage application to be sent to Defendant's counsel of record at 7:45 p.m. on October 9, 2026. *See* Muche Decl., ¶ 11. Undersigned counsel subsequently discovered that the permissions associated with that link prevent counsel from downloading or marking up these materials without granting Plaintiff's counsel access and visibility to their work-product, thoughts and impressions. *Id.*, ¶ 12-13. After multiple emails, the issue was resolved on Friday, October 16, 2026. *Id.*, ¶ 14. Notwithstanding, the materials produced are heavily redacted. *Id.*, ¶ 15. Plaintiff's response suggests additional supplemental production in the future and production of unredacted materials after a protective order is granted. *Id.*

[2] That is, the Freedom of Information Act (FOIA).

otherwise be subject to disclosure. Undersigned counsel raised these issues during the meet and confer, but Plaintiff's proposed order was filed without any changes. *See* Muche Declaration, ¶ 10.

## II. PLAINTIFF'S MOTION DOES NOT ESTABLISH GOOD CAUSE TO EXCUSE RESPONDING TO SPECIFIC REQUESTS.

Plaintiff seeks relief from responding to "RFAs 17-19, 41-46; Rogs 1-2; and RFPs 6-7." (ECF No. 26, 1). The movant bears the burden to demonstrate that good cause exists. Plaintiff has not filed Defendant's written requests or Plaintiff's objections and responses. The Court should deny Plaintiff's motion for protective order relieving it from responding to the specified requests for that reason alone.

Plaintiff gives four reasons why the Court should excuse it from responding to these requests specifically; Defendant will address each in turn. (*Id.*, 2-3). First, Plaintiff argues that the RFAs concern irrelevant topics. Not so. These requests bear upon the balance of equities, the public interest, and irreparable harm and relate directly to facts and circumstances raised by Plaintiff. *See, e.g.*, ECF No. 1 (Pl.'s Complaint), ¶¶ 52-57; ECF No. 4 (Pl.'s Mot. for Prelim. Inj.), 19-20.

Next, Plaintiff argues that the RFAs seek "information that is more readily accessible to Defendant than Plaintiff" and "improperly seek conclusions of law." (ECF No. 26, 2-3). The access argument misunderstands the nature and purpose of these RFAs, which seek Plaintiff's *opinion* about the application of law to fact. 17, 41-46.

Plaintiff asserts that "requests to admit pure legal conclusions are improper," based upon a partial quotation from *LKQ Corp. v. Kia Motors Am., Inc.*, No. 21 C 3166, 2023 WL 2429010 (N.D. Ill. Mar. 9, 2023). (ECF No. 26, 3). The full sentence reads: "Although requests to admit pure legal conclusions are improper, Rule 36(a)(1)(A) permits RFAs relating to facts, the application of law to fact, or opinions about either." *Id.* (citation omitted). That decision explains that while a party cannot ask whether a particular a claim is valid, "requests on mixed matters of

law and fact or other legal conclusions that directly relate to the facts of the case are authorized." *Id.* (internal quotation and citations omitted).

Finally, Plaintiff asserts "Defendant has propounded requests that implicate privileges[.]" (ECF No. 26, 3). This is insufficient. "When a party withholds information otherwise discoverable by claiming that the information is privileged … the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed … in a manner that … will enable other parties to assess the claim." *See* Fed. R. Civ. P. 26(b)(5)(A), *et seq.*,

**CONCLUSION**

The Court should deny Plaintiff's motion both as to entry of the proposed confidentiality protective order and as excusing Plaintiff from responding to specified discovery requests. (ECF No. 26, 1) ("RFAs 17-19, 41-46; Rogs 1-2; and RFPs 6-7."). In the alternative, Defendant requests that the Court set a reasonable schedule so that the issues raised by Plaintiff's motion for protective order can be fully briefed.

Dated and signed at Milwaukee, Wisconsin this 16th day of October, 2026.

EVAN GOYKE
City Attorney

s/Clint B. Muche
CLINT B. MUCHE
Assistant City Attorney
State Bar No. 1131629
THOMAS D. MILLER
Assistant City Attorney
State Bar No. 1030538
ROBIN A. PEDERSON
Deputy City Attorney
State Bar No. 1045759

*Attorneys for Defendant City of Milwaukee*

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Tel: (414) 286-2601
Fax: (414) 286-8550
Email: cmuche@milwaukee.gov
tmiller@milwaukee.gov
rpderson@milwaukee.gov