IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MILWAUKEE,<br><br>Defendant. | No. 26-cv-1293 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STAY OR ENLARGE SUBSEQUENT DEADLINES**

Plaintiff opposes Defendant's request to enlarge the deadlines on Plaintiff's preliminary injunction motion, but supports staying the PI briefing as well as the discovery purportedly related thereto. ECF No. 27. "The party seeking a stay of discovery bears the burden of showing good cause for a stay." *Richards v. Fashion Nova, LLC*, 807 F. Supp. 3d 861, 864 (S.D. Ind. 2025) (citations omitted). Defendant contends that, "through no fault of the Defendant City of Milwaukee," a stay or enlargement is necessary pending resolution of discovery disputes. ECF No. 27, at 3. That contention is belied by the record and in any event is not "good cause" because Defendant's own untimely, overbroad, and improper conduct created the very circumstances it now invokes as justification. Accordingly, the Court should deny Defendant's request for an enlargement and instead grant a stay of the PI motion and discovery pending Plaintiff's forthcoming Rule 12(c) motion.

## ARGUMENT

### I. DEFENDANT'S PROFFERED JUSTIFICATION FOR A STAY IS BELIED BY THE RECORD.

The record reflects that, at every turn, Defendant has delayed the resolution of Plaintiff's PI motion. On August 13, 2026, the Court directed that discovery be completed within 60 days,

ECF No. 16, at 1, and clarified on August 26 that all discovery requests "shall be served by a date sufficiently early so that relevant discovery can be completed by October 13, 2026," ECF No. 17, at 1. Defendant instead delayed serving its requests until September 4, 2026—*more than three weeks* after the August 13th conference and the Friday before Labor Day. Moreover, once discovery was provided on October 9, 2026, Defendant delayed until after the close of discovery—on the afternoon of October 14—to inform Plaintiff's counsel that its produced documents could not be downloaded. It is Defendant, not Plaintiff, that caused the circumstances Defendant now cites as justification in its motion.

## II. DEFENDANT VIOLATED THE COURT'S ORDER FOR "LIMITED DISCOVERY."

Defendant also did not comply with the "limited discovery" this Court authorized. ECF No. 16, at 1. Although Defendant represented that the requests consisted of 46 Requests for Admission, 7 Interrogatories, and 8 Requests for Production, ECF No. 27, at 1, those figures underrepresent the distinct requests Defendant propounded. As many of those requests included multiple subparts, Defendant in reality propounded *141* distinct requests.[1] Indeed, Plaintiff objected to all Interrogatories as exceeding the quantity limits imposed by the Local Rules. L. Civ. R. 33(a)(1); *see* Fed. R. Civ. P. 33(a)(1). Such burdensome and overbroad discovery requests far exceed what is appropriate for a preliminary injunction proceeding and prompted Plaintiff's motion for protective order. ECF No. 26. Indeed, courts have consistently decided similar PI motions without *any* discovery, let alone the overbroad and unduly burdensome discovery that Defendant propounded. *See, e.g.*, *United States v. California*, No. 26-926, 2026 WL 3071018 (9th Cir. Oct. 14, 2026); *United States v. New York*, No. 1:26-CV-1360, 2026 WL 2225423 (N.D.N.Y.

[1] Each agency listed in a single request was counted separately, and subparts were multiplied by the number of agencies. Thus, three subparts directed to both CBP and ICE counted as six requests.

Aug. 3, 2026); *United States v. City of Philadelphia*, 838 F. Supp. 3d 436 (E.D. Pa. 2026); *United States v. Virginia*, No. 3:26-CV-545, 2026 WL 2411521 (E.D. Va. Aug. 18, 2026).

Defendant's late and expansive requests only underscore that further PI related discovery is unwarranted. Accordingly, while Plaintiff does not oppose a stay, the stay should be ordered for the reason discussed below. *See* Pt. III, *infra*.

## III. PLAINTIFF'S FORTHCOMING RULE 12(C) MOTION PROVIDES THE MOST EFFICIENT FRAMEWORK FOR RESOLVING THE ACTION.

Given Defendant's delay tactics and in light of recent rulings in similar challenges to mask bans, Plaintiff intends to move this month for judgment on the pleadings. In these circumstances, the present PI and discovery proceedings should yield to the forthcoming Rule 12(c) proceeding because it will present dispositive legal issues likely to obviate the issues Defendant raises. A stay associated with Plaintiff's Rule 12(c) motion will allow the Court to consider the dispositive legal questions in this case in a coherent, orderly, and efficient manner. Accordingly, Defendant should not be rewarded for tactics that have delayed relief to which Plaintiff is entitled. *See United States v. California*, No. 26-926, 2026 WL 3071018, at *6 (9th Cir. Oct. 14, 2026) ("Again, [the challenged identification law] exclusively regulates quintessentially government conduct: law enforcement. So as applied to federal agencies and federal officers carrying out their duties under federal authority, the statute is invalid in all applications. The United States is therefore likely—*indeed, certain*—to succeed on the merits of its facial challenge to [that state statute's] constitutionality." (emphasis added)).

## CONCLUSION

For these reasons, the Court should deny Defendant's request to enlarge the deadlines and instead should grant a stay, not only of the PI briefing but also the discovery and related motions, pending the decision on Plaintiff's forthcoming Rule 12(c) motion. A proposed order is attached.

DATED: October 22, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CODY M. POPLIN
Deputy Assistant Attorney General

HILARY K. PERKINS
Director

JACQUELINE COLEMAN SNEAD
Deputy Director

*/s/ Pooja Majmundar*
POOJA MAJMUNDAR (DC Bar No. 1779930)
ALEXANDER FURTAW (DC Bar No. 90036368)
Trial Attorneys
Enforcement & Affirmative Litigation Branch
U.S. Department of Justice
450 5th Street, NW
Washington, D.C. 20001
Telephone: (202) 598-0280
Email: Pooja.D.Majmundar@usdoj.gov

*Attorneys for the United States*