**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 26-CV-1293**

**CITY OF MILWAUKEE,**

**Defendant.**

---

## ORDER

This order follows a telephonic status conference in this case to discuss pending motions related to discovery and scheduling. After hearing from the parties, I ruled on the motions and set several deadlines, as detailed below.

Defendant, the City of Milwaukee, propounded discovery requests on September 4, 2026, in preparation for responding to plaintiff's motion for a preliminary injunction. Plaintiff, the United States, filed a motion for a protective order on October 9, 2026, pursuant to Civil Local Rule 7(h) and Federal Rule of Civil Procedure 26(c). ECF No. 26. Plaintiff asks generally for two forms of relief: (1) that it be entirely relieved of the obligation to respond to various categories of discovery requests because the requests are irrelevant, unduly burdensome, and not proportional to the needs of the case; and (2) that a protective order be entered with respect to any "confidential information" that plaintiff does agree to produce in response to defendant's discovery requests. Plaintiff did not file any factual foundation or counsel certification with its motion, as required by both the Local Rules and the Federal Rules of Civil Procedure. Indeed, plaintiff did not even file a copy of the discovery requests at issue, making it impossible for me to assess relevance,

breadth, proportionality, or good cause with respect to either form of relief sought by plaintiff.

Local Rule 7(h)(2), which applies to expedited, non-dispositive motions in civil actions in this District, states:

> [t]he motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. … The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion.

Similarly, Rule 26(c) of the Federal Rules of Civil Procedure, which applies specifically to motions for protective orders, requires "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Finally, plaintiff asserts privilege with respect to a number of requests but does not satisfy the Rule 26(b)(5) requirement to describe the nature of the documents in a way that would enable other parties (and the court) to assess the privilege claim.

Plaintiff, who carries the burden on its own motion, has failed to meet any of these requirements. For this reason, I am denying the motion for a protective order, without prejudice to plaintiff's refiling it with a proper factual foundation and enough supporting materials to enable me to make a considered ruling on the issues raised in the motion. Before any discovery motion is filed by either party, the parties are expected to confer and attempt to resolve their differences and narrow the scope of disagreement. In light of the discovery issues still being addressed, I will also grant defendant's motion to temporarily stay discovery and briefing deadlines related to the preliminary injunction motion.

For the reasons stated above, **IT IS ORDERED** that plaintiff may refile its motion for a protective order, with proper foundation, by **October 30, 2026**. If defendant wishes to file a motion to compel, also with proper foundation, it may do so by **October 30, 2026** as well. Responses to all discovery motions that are filed will be due by **November 6, 2026**. The parties are not limited to the page limits set forth in the Local Rules for expedited, non-dispositive motions.

**IT IS FURTHER ORDERED** that plaintiff's currently pending motion for a protective order (ECF No. 26) is **DENIED** without prejudice; and defendant's motion to stay or enlarge subsequent deadlines (ECF No. 27) is **GRANTED** consistent with this order.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge