**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MILWAUKEE,<br><br>Defendant. | Case No. 26-cv-1293-LA |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO L. Civ. R. 7(h)**

Plaintiff the United States of America hereby submits this motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 7(h). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), including requiring that confidential information "not be revealed or be revealed only in a specified way," *id.* 26(c)(1)(G). "All motions . . . requesting a protective order must contain sufficient facts demonstrating good cause." E.D. Wis. Civ. L. R. 26(e)(1). There is good cause for a protective order here. The United States seeks to protect law enforcement sensitive information and personally identifiable information ("PII") in responsive documents it intends to produce in response to Defendant's discovery requests. While the United States has already produced certain redacted documents to Defendant, this motion seeks to ensure that unredacted documents exchanged between the parties are handled in a manner that protects the security of sensitive information.

**ARGUMENT**

"Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (citing *Okla. Hosp. Ass'n v. Okla. Publ'g. Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984)). For

this reason, "[c]onfidential information is customarily made available, if at all, under a protective order, and the district court has substantial discretion to decide which information should be protected and to frame the order." *Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29–35 (1984), and *E.I. Du Pont De Nemours Powder Co. v. Masland*, 244 U.S. 100, 103 (1917)). Determinations of good cause need not be made "on a document-by-document basis." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) ("We do not suggest that all determinations of good cause must be made on a document-by-document basis.").

Federal law prohibits the Federal Government from disclosing PII. Under the Privacy Act, "[n]o [federal] agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" except in limited, enumerated circumstances. 5 U.S.C. § 552a(b); *see also Big Ridge, Inc. v. Fed. Mine Safety & Health Rev. Comm'n*, 715 F.3d 631, 650 (7th Cir. 2013) ("[A]ll federal officials handling personal information . . . are bound by the Privacy Act not to disclose any personal information and to take certain precautions to keep personal information confidential."). A "record" under the Act is "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." § 552a(a)(4).

Law enforcement sensitive ("LES") information is non-public information intended for official use only that is compiled for law enforcement purposes. It generally includes information

whose unauthorized disclosure could harm law enforcement activities, compromise investigations, or endanger the safety of individuals. Federal agencies use the LES designation in practice to protect sensitive law enforcement materials.[1] Indeed, federal law recognizes that the Federal Government need not publicly disclose LES information. The Freedom of Information Act ("FOIA") requires federal agencies to make certain records available to the public. *See* 5 U.S.C. § 552(a). However, FOIA also provides exemptions for specific categories of information.

As relevant here, FOIA Exemption 7 applies to "records or information compiled for law enforcement purposes," which are exempt from disclosure to the extent that releasing them would result in one or more harms identified in § 552(b)(7). Exemption 7 applies to information that (1) "could reasonably be expected to interfere with enforcement proceedings"; (2) "would disclose techniques and procedures for law enforcement investigations or prosecutions"; (3) "would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law"; or (4) "could reasonably be expected to endanger the life or physical safety of any individual." § 552(b)(7)(A), (E), (F). LES information often falls within one or more of these FOIA exemptions, which is why the Federal Government generally does not release it publicly.

Here, Defendant seeks discovery of materials containing PII. In other words, Defendant seeks materials containing names, identifying numbers, symbols, identifying particulars assigned to individuals, and other information that qualifies as a "record" under the Privacy Act where the data subject has not provided written consent for the disclosure. For example, potentially

---

[1] *See, e.g.*, Exec. Order No. 13,556, *Controlled Unclassified Information*, 75 Fed. Reg. 68675 (Nov. 4, 2010); U.S. Immigration and Customs Enf't, Directive 4003.2, *Safeguarding Law Enforcement Sensitive Information* (May 20, 2014), https://perma.cc/RWM6-WN2N; Dep't of Homeland Sec., Directive 11042.1, *Safeguarding Sensitive But Unclassified (For Official Use Only) Information* (Jan. 6, 2005), https://perma.cc/L9SH-4UFC.

responsive materials contain individuals' names, signatures, identification numbers, phone numbers, email addresses, and other PII. Data subjects at issue here have a protectable privacy interest in their identities that would be compromised by the release of this information. In addition, the identification of these subjects as law enforcement officials creates a safety threat. A protective order is therefore justified to protect their PII because it ensures compliance with the Privacy Act's nondisclosure requirements and prevents the unnecessary exposure of sensitive personal information.

Defendant also seeks discovery of materials containing LES information. For example, potentially responsive materials describe how federal law enforcement officers are instructed to employ, use, or wear specialized equipment. They also discuss the circumstances under which equipment is deployed or used, operational limitations of the equipment, and specifications that reveal vulnerabilities of the equipment or items. Public disclosure of these equipment specifications could allow members of the public to exploit these limitations or vulnerabilities. Public disclosure of information about the circumstances under which certain equipment is deployed or used also risks that a member of the public could identify that certain operations are taking place, risking that the individual would evade the law or otherwise interfere with the operation.

The Court should presumptively prohibit the public disclosure of all PII and LES information contained in any materials produced to Defendant. To accomplish this, the Court should permit the United States: (1) to identify all PII and LES information in any materials identified by the United States or the Court as responsive; and (2) to produce any materials containing PII or LES information with such materials marked "confidential" or "attorneys' eyes only," as applicable. The Court should further order that Defendant: (a) not publicly disclose any

materials marked as "confidential" or "attorneys' eyes only"; (b) further limit disclosure of materials marked "attorneys' eyes only"; and (c) comply with General Local Rule 79(d), to the extent Defendant wishes to file on the Court's public docket any paper relying on or constituting any materials marked as "confidential" or "attorneys' eyes only." *See* E.D. Wis. Gen. L.R. 79(d)(3) ("If the documents or materials sought to be restricted/sealed have been designated confidential by someone other than the filing party, the filing party may explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order . . . and that the filing party . . . objects to . . . the continued sealing of the documents or materials.").

This approach is consistent with Seventh Circuit precedent governing public access to judicial records and ensures that confidentiality applies only where necessary. *See Bond v. Utreras*, 585 F.3d 1061, 1067–68 (7th Cir. 2009) (stating that a protective order providing "that before a party could submit documents otherwise subject to the protective order to the court under seal, the party would have to file a separate motion and obtain a court order permitting the documents to be filed under seal" comports with Seventh Circuit precedent); *id.* at 1073 ("[W]hile the public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute 'judicial records,' the same is not true of materials produced during discovery but not filed with the court.").

In light of the above, the United States has sufficiently shown good cause to believe discovery will involve confidential or protected information. There is therefore good cause to enter the proposed protective order governing materials that contain confidential and attorneys' eyes only information, including PII and LES. Such an order will "allow the parties to make full disclosure in discovery without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information, thereby

promoting the overriding goal of the Federal Rules of Civil Procedure, 'to secure the just, speedy, and inexpensive determination of every action.'" *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (quoting Fed. R. Civ. P. 1).

The Court should grant this motion for a protective order and issue the attached proposed protective order. The certification required by Civil Local Rule 7(h)(2) and Federal Rule of Civil Procedure 26(c) is attached following the signature block.

Dated: October 30, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CODY M. POPLIN
Deputy Assistant Attorney General

HILARY K. PERKINS
Director

JACQUELINE COLEMAN SNEAD
Deputy Director

*/s/ Pooja Majmundar*
POOJA MAJMUNDAR (DC Bar No. 1779930)
ALEXANDER FURTAW (DC Bar No. 90036368)
Trial Attorneys
Enforcement & Affirmative Litigation Branch
U.S. Department of Justice
450 5th Street, NW
Washington, D.C. 20001
Telephone: (202) 598-0280
Email: Pooja.D.Majmundar@usdoj.gov

*Attorneys for the United States*

**CERTIFICATION**

I certify that on October 9, 2026, at 3:00 pm ET, Plaintiff's counsel and Defendant's counsel conferred via Microsoft Teams to attempt to resolve this discovery dispute, but the parties were unable to agree. The meeting participants were Ryan Silverstein and the undersigned for Plaintiff, and Clint Muche and Robin Pederson for Defendant.

I further certify that on October 21, 2026, at 3:00 pm ET, Plaintiff's counsel and Defendant's counsel conferred again via Microsoft Teams to further discuss the proposed protective order, among other discovery disputes. The meeting participants were Alexander Furtaw and the undersigned for Plaintiff, and Clint Muche and Robin Pederson for Defendant.

I further certify that on October 26, 2026, in further effort to address Defendant's counsel's comments to the proposed protective order, I emailed Defendant's counsel requesting his earliest convenience to discuss for the possibility of a joint protective order. Counsel responded that same day but did not provide any dates or times for further discussion.

I further certify that on October 30, 2026, I again emailed Defendant's counsel a copy of a draft protective order indicating that Plaintiff's counsel believe the protective order addresses Defendant's counsel's concerns and requested whether Plaintiff should characterize counsel's position as opposed or uncontested. I also called Defendant's counsel about an hour later and did not receive any response from Defendant's counsel as of the time of this filing.

Dated: October 30, 2026

*/s/ Pooja Majmundar*
Pooja Majmundar