**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 26-cv-1293

CITY OF MILWAUKEE,

Defendant.

---

## DECLARATION OF CLINT MUCHE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

---

STATE OF WISCONSIN )
) ss.
MILWAUKEE COUNTY )

I, Clint B. Muche, hereby make the following declaration:

1. I am an adult resident of the State of Wisconsin and base this declaration on my personal knowledge.

2. I am employed as an Assistant City Attorney in the City of Milwaukee's City Attorney's Office, and have filed my appearance as attorney of record in the above-captioned case.

3. I met and conferred with Plaintiff's counsel to discuss discovery and a proposed briefing schedule on Wednesday, August 5, 2026.

4. Defendants proposed limited discovery and thirty days to respond to Plaintiff's motion for preliminary injunction after the close of discovery. Plaintiff was opposed to all discovery and proposed that Defendant's responsive brief should be due in accord with the Court's default timeline (i.e., 21 days from service).

5. Defendant City of Milwaukee propounded its first set of written discovery requests to Plaintiff on September 4, 2026, more than thirty (30) days before the close of discovery as set by the Court filed herewith as **Exhibit 1**.
6. On September 29, 2026, Plaintiff's counsel requested an extension from Monday, October 5, 2026, until Friday, October 9, 2026. Defendant assented to this request.
7. On October 7, 2026, Plaintiff's counsel requested to meet and confer about a proposed protective order for the first time in this case. Plaintiff's counsel produced the proposed order late the following afternoon, and the parties met and conferred on Friday, October 9th.
8. Defendant did not oppose the entry of the confidentiality protective order or its scope—but could not attest that the proposed order as written established good cause or was narrowly-tailored as drafted.
9. Plaintiffs proposed protective additionally requested relief from responding to certain specified discovery requests. Defendants conveyed their opposition to the discovery aspect of the protective order.
10. On October 9, 2026, Plaintiff served written objections and responses to Defendant's first set of written discovery requests the same evening, filed herewith as **Exhibit 2**.
11. One week later, on October 16th, Defendant received download-access to the materials produced in response to their first set of requests for production of documents, filed herewith as **Exhibit 3**.
12. On October 19th, Defendant served written notice of discovery deficiencies filed herewith as **Exhibit 4**.
13. The parties met and conferred regarding Defendant's notice of discovery deficiencies on October 21st, and once again discussed the proposed confidentiality protective order.

14. On October 22nd, Plaintiff supplemented its production of documents, filed herewith as **Exhibit 5**.

15. During the October 23rd hearing, Plaintiff's counsel opined that the outstanding issues with discovery need not be resolved because Plaintiff intended to file a motion for judgment on the pleadings.

16. Plaintiff has not provided supplemental responses to RFAs 17-19 and 41-46, nor produced responsive materials, objections, or a supplemental response that no responsive materials exist in response to RFPs 6-7.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 6, 2026.

s/Clint B. Muche____________________
CLINT B. MUCHE