**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 26-cv-1293

CITY OF MILWAUKEE, CAVALIER JOHNSON, Mayor of Milwaukee, in his official capacity; EVAN GOYKE, City Attorney, in his official capacity; JEFFREY NORMAN, Chief of Police, Milwaukee Police Department, in his official capacity,

Defendants.

---

# CITY OF MILWAUKEE'S FIRST SET OF WRITTEN INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS TO ADMIT

---

NOW COMES Defendant City of Milwaukee, by and through its counsel of record, and hereby demands Plaintiff answer to the following interrogatories, requests to produce documents, and requests to admit in writing and under oath pursuant to Rule 33, Rule 34 and Rule 36, respectively, of the Federal Rules of Civil Procedure.

## REQUESTS TO ADMIT

Fed. R. Civ. P. 36 authorizes a party to serve upon any other party a written request to admit the truth of any matters relating to facts, application of law to fact, or opinions about either, as well as the genuineness of any described documents. A matter is admitted unless, within thirty (30) days after being served, the party to whom the request is directed serves a signed, written answer or objection. Defendants propound the following numbered requests for admission:

**REQUEST NO. 1.** Admit that Milwaukee Code of Ordinances (MCO) 105-140 (the "Ordinance") became effective May 9, 2026.

**REQUEST NO. 2.** Admit that the Ordinance expressly applies only to law enforcement officers "interacting with the public" in the performance of their duties.

**REQUEST NO. 3.** Admit that the Ordinance does not regulate surveillance activity that does not involve interacting with the public.

**REQUEST NO. 4.** Admit that the Ordinance does not regulate plainclothes operations that do not involve interacting with the public.

**REQUEST NO. 5.** Admit that undercover operations are expressly exempted under the Ordinance.

**REQUEST NO. 6.** Admit that the Ordinance requires federal law enforcement officers to either display their agency-affiliation, last name, and badge or identification number on their uniform, or verbally provide their agency affiliation, last name, and badge or identification number upon request.

**REQUEST NO. 7.** Admit that federal law enforcement officers charged with violating the Ordinance have an available, affirmative defense that their conduct was necessary and proper in furtherance of their official duties.

**REQUEST NO. 8.** Admit that federal law enforcement officers operated in the City of Milwaukee without interference by city officials after May 9, 2026.

**REQUEST NO. 9.** Admit that federal agents employed by the Drug Enforcement Administration (DEA) have operated in the City of Milwaukee without interference after May 9, 2026.

**REQUEST NO. 10.** Admit that federal agents employed by the Federal Bureau of Investigations (FBI) have operated in the City of Milwaukee without interference by city officials after May 9, 2026.

**REQUEST NO. 11.** Admit that federal agent employed by the Department of Homeland Security (DHS), including Immigration and Customs Enforcement (ICE) and Customs and Border Protection (CBP), have operated in the City of Milwaukee without interference by city officials after May 9, 2026.

**REQUEST NO. 12.** Admit that federal agencies, including DEA, FBI, DHS, ICE, and/or CBP, have not altered or amended their policies in response to the Ordinance.

**REQUEST NO. 13.** Admit that ICE agents performed "targeted" immigration enforcement activities in the City of Milwaukee between June 26-30, 2026, arresting or detaining, on average, 20 people each day. *See* https://www.jsonline.com/story/news/local/wisconsin/2026/09/03/milwaukee-immigration-arrests-spiked-during-operation-in-june/91563094007/ (Last accessed September 3, 2026).

**REQUEST NO. 14.** Admit that publicly available video footage shows that some, but not all, ICE agents performing "targeted" immigration enforcement activities in the City of Milwaukee in June 2026 wore facial coverings and/or masks concealing or obstructing their faces. *See* https://www.jsonline.com/story/news/investigations/2026/07/08/videos-show-surge-of-wisconsin-ice-arrests-included-guns-tasers/90825634007/ (Last accessed September 3, 2026).

**REQUEST NO. 15.** Admit that the City of Milwaukee did not issue any citations to ICE agents for violating the Ordinance in June 2026.

**REQUEST NO. 16.** Admit that the City of Milwaukee has not issued a citation to any federal agent for violating the Ordinance since May 9, 2026.

**REQUEST NO. 17.** Admit that citizens have a right under the First Amendment to the United States Constitution to photograph, film, and publish law enforcement activities that occur in public.

**REQUEST NO. 18.** Admit that state and local law enforcement agencies face the same or similar risks as federal law enforcement that individual officers may be identified as law enforcement by potential bad actors and/or members of the public.

**REQUEST NO. 19.** Admit that state and local law enforcement agencies face the same or similar risks as federal law enforcement that individual officers who are identified may be involved in future operations allowing bad actors and/or members of the public to evade or obstruct law enforcement operations.

**REQUEST NO. 20.** Admit that ICESpy.org purports to identify ICE employees by comparing uploaded photographs to publicly available, voluntarily shared information posted by individual agents to the LinkedIn social media website.

**REQUEST NO. 21.** Admit that the ICESpy.org website denies that the site can be used to "harass ICE employees" and explicitly warns that "threatening federal employees is a felony."

**REQUEST NO. 22.** Admit that the ICESpy.org website includes an email link allowing individuals to request that their photographs be removed.

**REQUEST NO. 23.** Admit that DEA has written policies defining DEA employees' uniform requirements.

**REQUEST NO. 24.** Admit that FBI has written policies defining FBI employees' uniform requirements.

**REQUEST NO. 25.** Admit that DHS has written policies defining DHS employees' uniform requirements.

**REQUEST NO. 26.** Admit that ICE has written policies defining employees' uniform requirements.

**REQUEST NO. 27.** Admit that CBP has written policies defining employees' uniform requirements.

**REQUEST NO. 28.** Admit that DEA does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**REQUEST NO. 29.** Admit that FBI does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**REQUEST NO. 30.** Admit that DHS does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**REQUEST NO. 31.** Admit that ICE does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**REQUEST NO. 32.** Admit that CBP does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**REQUEST NO. 33.** Admit that the Federal Government does not have a written policy requiring federal law enforcement officers, as defined in 34 U.S.C. § 50301(5), to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**REQUEST NO. 34.** Admit that the Federal Government's practice is to permit each individual officer to decide for him or herself whether to conceal their identity by wearing facial coverings and/or masks.

**REQUEST NO. 35.** Admit that this practice of permitting each individual federal officer or agent to decide for him or herself whether to conceal their identity by wearing facial coverings and/or masks was not standard federal law enforcement practice before 2025.

**REQUEST NO. 36.** Admit that federal agencies, including the FBI and United States Marshals Service (USMC), have issued public bulletins about the increased incidence of dangerous criminal impersonations of federal agents since 2025. *See* https://www.newsweek.com/fbi-warns-criminals-posing-ice-robberies-kidnappings-11008376 (Last accessed September 3, 2026).

**REQUEST NO. 37.** Admit that public media outlets have reported that criminals and/or bad actors have impersonated federal agents to commit violent state crimes including robberies, kidnappings, and sexual assault since January 2025.[1]

**REQUEST NO. 38.** Admit that the use of facial coverings and/or masks as well as the removal of individual identifier tags or badges make impersonating federal law enforcement less difficult for criminals and/or bad actors.

**REQUEST NO. 39.** Admit that the use of facial coverings and/or masks makes federal law enforcement less readily identifiable as federally-authorized law enforcement.

**REQUEST NO. 40.** Admit that the removal of agency-identifiers and badges makes federal law enforcement less readily identifiable as federally-authorized law enforcement.

---

[1] *See, e.g.,* https://www.houstonpublicmedia.org/articles/news/local/2025/11/24/536979/church-ice-massage-arrest-league-city/ (Last accessed September 3, 2026); https://abc13.com/post/suspect-arrested-allegedly-posing-ice-agent-during-robbery-skyline-drive-west-houston-police-say/16845926/ (Last accessed September 3, 2026); https://www.nj.com/essex/2026/01/man-pretended-to-be-an-ice-agent-robbed-2-people-in-nj-cops-say.html (Last accessed September 3, 2026); https://www.coasttv.com/news/delaware-state-police-investigate-ice-impersonators-involved-in-milton-armed-robbery/article_7f834784-4078-4fee-86b8-571addc0f429.html (Last accessed September 3, 2026); https://prospect.org/2025/06/24/2025-06-24-ice-impersonations-proliferate-agencys-undercover-tactics/ (Last accessed September 3, 2026); https://www.independent.co.uk/news/world/americas/us-politics/ice-impersonators-los-angeles-protests-b2773448.html (Last accessed September 3, 2026); https://www.cbsnews.com/newyork/news/ice-agent-impersonation-attempted-brooklyn-heights/ (Last accessed September 3, 2026); https://www.miamiherald.com/news/state/florida/article304699521.html (Last accessed September 3, 2026); https://www.theguardian.com/us-news/2025/jun/28/civilians-impersonating-ice-officers (Last accessed September 30, 2026); https://www.wral.com/news/local/raleigh-police-arrest-man-impersonating-officer-sexual-assault-jan-2025/ (Last accessed September 30, 2026); https://www.the-independent.com/news/world/americas/crime/fake-ice-agents-oregon-b3022519.html (Last accessed September 3, 2026); https://www.huffpost.com/entry/multiple-men-have-impersonated-ice-agents-to-kidnap-and-assault-women_n_689a19a2e4b07a70fa09262d (Last accessed September 3, 2026); https://www.washingtonpost.com/dc-md-va/2023/06/16/ice-impersonator-sex-assault-arrest/ (Last accessed September 3, 2026).

**REQUEST NO. 41.** Admit that citizens may be licensed to carry concealed weapons under Wisconsin law.

**REQUEST NO. 42.** Admit that citizens may use reasonable force to prevent or stop an unlawful interference against their person under Wisconsin law.

**REQUEST NO. 43.** Admit that citizens may use deadly force to prevent imminent death or great bodily harm under Wisconsin law.

**REQUEST NO. 44.** Admit that under Wisconsin law citizens do not have a statutory duty to retreat in public places before using force in self-defense.

**REQUEST NO. 45.** Admit that when law enforcement cannot be readily distinguished from criminal actors and/or vigilantes a greater risk exists that a citizen may reasonably, but mistakenly, use force to resist lawful enforcement activities.

**REQUEST NO. 46.** Admit that force used against federal law enforcement in self-defense poses a risk of injury to the officers and/or agents involved, the citizen(s) using force to resist, and the public at large.

**INTERROGATORIES**

Fed. R. Civ. P. 33 authorizes a party to serve written interrogatories, including discrete subparts, upon a party or governmental organization, who must furnish the information available to that party, in writing and under oath, within thirty (30) days. Defendants propound the following numbered interrogatories to Plaintiff:

**INTERROG. NO. 1.** For each Request to Admit, *supra*, which has been denied, either in whole or in part, state each and every basis for denial and identify all documents and/or information in support of such denial, and all persons consulted and/or documents reviewed in arriving at such denial.

**INTERROG. NO. 2.** For each Request to Admit, *supra*, for which lack of information or knowledge has been claimed, identify specifically each and every step taken to attempt to answer such Request to Admit and identify each and every person contacted in attempting to answer said Request to Admit.

**INTERROG. NO. 3.** Describe in detail the Federal Government's current guidance to CBP and ICE regarding the use of facial coverings and/or masks and individual identifiers, including: (a) when such guidance was given; (b) by whom; and (c) identifying any and all documents in Plaintiff's possession, custody, or control describing the scope of discretion granted to CBP and/or ICE, as well as individual agents, and/or the relevant factors to consider.

**INTERROG. NO. 4.** Describe with particularity how denying federal law enforcement agencies and/or individual federal officials' discretion to wear facial coverings and/or masks would chill federal law enforcement.

**INTERROG. NO. 5.** Describe with particularity how denying federal law enforcement agencies and/or individual federal officials' discretion to remove individual identifiers would chill federal law enforcement.

**INTERROG. NO. 6.** Describe with particularity how complying with the Ordinance would "endanger officers and reduce operational effectiveness" other than by "subjecting them to standards that conflict with and differ materially from applicable federal standards and policies."

**INTERROG. NO. 7.** Identify any and all public reporting Plaintiff is aware of that substantiates the allegations made in Paragraph 55 of Plaintiff's Complaint, and describe in detail what threats "have expanded to include extended family members."

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Fed. R. Civ. P. 34 authorizes a party to serve written requests upon another party seeking the production of documents, electronically stored information (ESI), any other tangible things within a party's possession, custody, or control. The party receiving such requests shall respond in writing within thirty (30) days after being served. The responding party must state with specificity the grounds for objecting to any request, and must state whether responsive materials are being withheld based on that objection. If a party objects to part of a request, the objection must specify the part and permit inspection or produce the rest. Defendants propound the following numbered requests to produce documents, ESI, or other tangible items:

**REQUEST NO. 1.** Produce any and all documents, ESI, or other tangible items that Plaintiff has in its possession, custody, or control supporting its claim that the Ordinance conflicts with federal policy to the extent it prohibits the wearing of facial coverings and/or masks, *see* ECF No.1, ¶ 50, including without limitation:

a. Any and all documents, ESI, or other tangible items reflecting the existence of a written DEA policy concerning the use of facial coverings and/or masks by DEA employees;

b. Any and all documents, ESI, or other tangible items reflecting the existence of a written FBI policy concerning the use of facial coverings and/or masks by FBI employees;

c. Any and all documents, ESI, or other tangible items reflecting the existence of a written DHS policy concerning the use of facial coverings and/or masks by DHS employees;

d. Any and all documents, ESI, or other tangible items reflecting the existence of a written ICE policy concerning the use of facial coverings and/or masks by ICE employees; and

e. Any and all documents, ESI, or other tangible items reflecting the existence of a written CBP policy concerning the use of facial coverings and/or masks by CBP employees.

**REQUEST NO. 2.** Produce any and all documents, ESI, or other tangible items that Plaintiff has in its possession, custody, or control supporting its claim that the Ordinance conflicts with federal policy to the extent it requires the wearing of individual identifier tags or badges, *see* ECF No. 1, ¶ 50, including without limitation:

a. Any and all documents, ESI, or other tangible items reflecting the existence of a written DEA policy concerning the removal of individual identifier tags or badges by DEA employees;

b. Any and all documents, ESI, or other tangible items reflecting the existence of a written FBI policy concerning the removal of individual identifier tags or badges by FBI employees;

c. Any and all documents, ESI, or other tangible items reflecting the existence of a written DHS policy concerning the removal of individual identifier tags or badges by DHS employees;

d. Any and all documents, ESI, or other tangible items reflecting the existence of a written ICE policy concerning the removal of individual identifier tags or badges by ICE employees; and

e. Any and all documents, ESI, or other tangible items reflecting the existence of a written CBP policy concerning the removal of individual identifier tags or badges by CBP employees.

**REQUEST NO. 3.** Produce any and all documents, ESI, or other tangible items defining the uniform requirements for federal law enforcement officers, including employees of DEA, FBI, DHS, ICE, and CBP.

**REQUEST NO. 4.** Produce any and all documents, ESI, or other tangible items that tend to show that facial coverings and/or masks are or have been furnished to federal law enforcement officers, including without limitation employees of DEA, FBI, DHS, ICE, and/or CBP, pursuant to 5 U.S.C. § 5901.

**REQUEST NO. 5.** Produce any and all documents, ESI, or other tangible items that federal law enforcement officers, including without limitation employees of DEA, FBI, DHS, ICE and/or CBP, are currently or have previously received a uniform allowance or reimbursement for facial coverings and/or masks.

**REQUEST NO. 6.** Produce any and all documents, ESI, or other tangible items identifying DHS, ICE, or CBP conference call agenda items related to facial coverings and/or masks from January 2025 to the present.

**REQUEST NO. 7.** Produce any and all documents, ESI, or other tangible items identifying DHS, ICE, or CBP conference call agenda items related to the adding or removal of individual identifier badges or tags from January 2025 to the present.

**REQUEST NO. 8.** Produce any and all documents, ESI, or other tangible items identifying DHS, ICE, or CBP email broadcasts concerning facial coverings and/or masks, as well as adding or removing individual identifier tags.

Dated and signed at Milwaukee, Wisconsin this 4th day of September, 2026.

EVAN GOYKE
City Attorney

s/Clint B. Muche
CLINT B. MUCHE
Assistant City Attorney
State Bar No. 1131629
THOMAS D. MILLER
Assistant City Attorney
State Bar No. 1030538
ROBIN A. PEDERSON
Deputy City Attorney
State Bar No. 1045759

*Attorneys for Defendant City of Milwaukee*

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Tel: (414) 286-2601
Fax: (414) 286-8550
Email: cmuche@milwaukee.gov
tmiller@milwaukee.gov
rpderson@milwaukee.gov