**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MILWAUKEE,<br><br>Defendant. | No. 26-cv-1293 |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CITY OF MILWAUKEE'S FIRST SET OF WRITTEN INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS TO ADMIT**

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, Plaintiff the United States of America, by and through counsel, provides the following objections and responses to Defendant City of Milwaukee's First Set of Written Interrogatories, Requests for Production of Documents, and Requests to Admit, served on September 4, 2026.

## I. RESERVATIONS OF RIGHTS

1. These objections and responses are based on information known to Plaintiff at this time. These objections and responses have been formulated in contemplation of Federal Rule of Civil Procedure 26(b)(1), which generally permits discovery of relevant, nonprivileged information whose discovery would not be disproportionate to the needs of the case.

2. In presenting these objections and responses, Plaintiff does not waive any further objection to the admissibility of evidence on any other appropriate ground or the right to seek appropriate judicial relief regarding the scope or timing of discovery. Plaintiff expressly reserves the right to supplement, clarify, review, or correct these objections and responses and assert additional objections.

3. Responses indicating documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the Request, or that Plaintiff agrees with the characterization of the conduct or activities described in the Request.

## II. GENERAL OBJECTIONS

4. Plaintiff incorporates all these General Objections in each of its responses regardless of whether a Specific Objection is reasserted with respect to a specific Request. A Specific Objection may repeat a General Objection for emphasis. The assertion of the same, similar, or additional objections in response to a specific Request does not waive, limit, or modify any general or Specific Objections. The omission of any General Objection from any Specific Objection does not waive any General Objection to that Request.

5. Plaintiff objects to each and every Request to the extent it requires disclosure of matters subject to the attorney-client privilege; the attorney work-product doctrine; the deliberative-process privilege; any form of executive privilege including but not limited to the Presidential communications privilege, law-enforcement privilege; other applicable privileges, or any information restricted from disclosure by statute, regulation, or government-wide agency policy, including protections applicable to law enforcement sensitive or other information protected by law.

6. Plaintiff objects to each and every Request as untimely. On August 13, 2026, the Court ruled that Defendant "may pursue limited discovery" prior to responding to Plaintiff's motion and ordered that the parties have 60 days to complete such discovery. ECF No. 16, at 1. As reflected in the Court's order dated August 26, 2026, "[a]ll Requests for discovery in connection with the preliminary injunction motion shall be served by a date sufficiently early so that relevant discovery can be completed by October 13, 2026." ECF No. 17, at 1. Defendant did not serve its

Requests until September 4, 2026, the Friday before Labor Day, over three weeks after the August 13 conference, which was not a date sufficiently early that discovery can be completed by October 13, 2026.

7. Plaintiff objects to each and every Request as in excess of the quantity limitations set by the Court at the August 13, 2026, status conference. As reflected in the Court's order memorializing that conference dated August 13, 2026, "[t]he court ruled that the defendant may pursue *limited* discovery prior to responding to plaintiff's motion" for a "preliminary injunction." ECF No. 16, at 1 (emphasis added). Defendant served forty-six Requests to Admit; seven Interrogatories asking Plaintiff to "identify specifically each and every step taken in attempt to answer" all forty-six Requests to Admit; and eight Requests for Production with discrete subparts seeking production of "any and all documents" related to certain facts. *See infra*. Defendant's Requests go well beyond the "limited" discovery the Court contemplated was necessary to resolve the pending motion for a preliminary injunction.

8. Plaintiff objects to each and every Request to the extent it seeks information or materials that are publicly available, readily accessible to Defendant, or would otherwise be less burdensome for Defendant to obtain than Plaintiff.

9. Plaintiff objects to each and every Request to the extent it seeks information that is irrelevant to the issues before the Court: Whether the Milwaukee Code of Ordinances (MCO) 105-140 ("the Ordinance") should be preliminarily enjoined because it impermissibly regulates the Federal Government by mandating uniform and identification requirements of federal officers when acting in an official capacity.

10. Plaintiff objects to each and every Request to Admit as exceeding the 50-request limit on requests for admission. Although Defendant served forty-six (46) Requests to Admit,

"[t]he 50 permissible requests for admission may not be expanded by the creative use of subparts." L. Civ. R. 36(a)(1). Nearly all Defendant's Requests for Production violate this rule by seeking information about numerous matters.

11. Plaintiff objects to each and every Interrogatory as exceeding the 25-interrogatory limit. Although Defendant served seven Interrogatories, "[t]he 25 permissible interrogatories may not be expanded by the creative use of subparts." L. Civ. R. 33(a)(1). All Defendant's Interrogatories violate this rule by seeking information about numerous matters.

12. Plaintiff objects to each and every Request for Production seeking "any and all" or "all" documents as vague, ambiguous, and unduly burdensome. Producing "all" documents related to a Request would require collection and document-by-document review of materials generated throughout large federal agencies comprising thousands of employees. The burden of such identification, collection, and review disproportionately outweighs any possible need for the requested documents and information.

13. Plaintiff objects to each and every Request including the term "DHS" as vague and ambiguous. Plaintiff interprets "DHS" to mean ICE and CBP, consistent with General Objections Nos. 14 and 15. Any other definition would require production of irrelevant information whose discovery is disproportionate to the needs of this case. Such information would be irrelevant to the issues before the Court, namely, whether the Ordinance regulates federal law enforcement operations in Milwaukee. And producing such information would also be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

14. Plaintiff objects to each and every Request including the term "ICE" as vague and ambiguous. Plaintiff interprets "ICE" to mean Enforcement and Removal Operations ("ERO") and

Homeland Security Investigations ("HSI"). Any other definition would require production of irrelevant information whose discovery is disproportionate to the needs of this case. Such information would be irrelevant to the issues before the Court, namely, whether the Ordinance regulates federal law enforcement operations in Milwaukee, because no other ICE components have operated in Milwaukee in any relevant capacity between May 9, 2026, and the date of this filing. And producing such information would also be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

15. Plaintiff objects to each and every Request including the term "CBP" as vague and ambiguous. Plaintiff interprets "CBP" to mean Air & Marine Operations ("AMO"), Office of Field Operations ("OFO"), the United States Border Patrol ("USBP"), and the Office of Professional Responsibility ("OPR"). Any other definition would require production of irrelevant information whose discovery is disproportionate to the needs of this case. Such information would be irrelevant to the issues before the Court, namely, whether the Ordinance regulates federal law enforcement operations in Milwaukee, because no other CBP components have operated in Milwaukee in any relevant capacity between May 9, 2026, and the date of this filing. And producing such information would also be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

16. Plaintiff objects to each and every Request including the term "FBI" as vague and ambiguous. FBI contains law enforcement components such as the Intelligence Branch and the National Security Branch and supporting components such as the Information and Technology Branch and the Human Resources Branch. Plaintiff interprets Defendant's Requests regarding FBI as Requests for information regarding FBI as a whole and not information specific to individual

FBI offices. Any other definition would be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

17. Plaintiff objects to each and every Request including the term “DEA” as vague and ambiguous. DEA contains law enforcement components such as the Operations Division and the Intelligence Division and supporting components such as the Financial Management Division and the Operational Support Division. Plaintiff interprets Defendant’s Requests regarding DEA as Requests for information regarding DEA as a whole and not information specific to individual DEA divisions. Any other definition would be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

18. Plaintiff objects to each and every Request including the terms “federal agent,” federal agents,” “agents,” “federal law enforcement,” “federal law enforcement officers,” “federally-authorized law enforcement,” “officer,” and “federal officials” as vague and ambiguous. Plaintiff interprets these terms to mean a federal law enforcement officer or officers as defined by 34 U.S.C. § 50301(5) employed by ICE, CBP, FBI, or DEA consistent with General Objections Nos. 14–17. Any other definition would require production of irrelevant information whose discovery is disproportionate to the needs of this case. Such information would be irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. And producing such information would also be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

19. Plaintiff objects to each and every Request including the terms “Federal Government,” “federal agencies,” and “federal law enforcement agencies” as vague and ambiguous. Plaintiff interprets these terms to mean ICE, CBP, FBI, or DEA consistent with General

Objections Nos. 14–17. Any other definition would require production of irrelevant information whose discovery is disproportionate to the needs of this case. Such information would be irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. And producing such information would also be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

20. Plaintiff objects to each and every Request including the terms "policy," "policies," "federal policy," "matter of agency policy," and "guidance" as vague and ambiguous. Plaintiff interprets these terms to mean formal, written guidance issued by a federal agency that are generally applicable to all federal law enforcement officers as defined by 34 U.S.C. § 50301(5) employed by a particular federal agency or agency component. Any other definition would require production of irrelevant information whose discovery is disproportionate to the needs of this case. Such information would be irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. And producing such information would also be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

21. Plaintiff objects to each and every Request including the terms "employee" and "employees" as vague and ambiguous. Plaintiff interprets these terms to mean federal law enforcement officers as defined by 34 U.S.C. § 50301(5). Any other definition would require production of irrelevant information whose discovery is disproportionate to the needs of this case. Such information would be irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. And producing such information

would also be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

22. Plaintiff objects to each and every Request including the terms "facial coverings" and "masks" as vague and ambiguous. Plaintiff interprets this term to refer to masks worn to prevent personal identification and not for other reasons, such as health or weather. Any other definition would require production of irrelevant information whose discovery is disproportionate to the needs of this case. Such information would be irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. And producing such information would also be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians.

23. Plaintiff objects to each and every Request including the term "and/or" as vague and ambiguous. "And/or" is inherently vague and ambiguous, connoting one of three unspecified possibilities: one alternative, another alternative, or all alternatives in combination. *See, e.g.*, *Shotkam LLC v. Tachyon, Inc.*, No. H-20-1070, 2021 WL 23311, at *5 (S.D. Tex. Jan. 4, 2021) ("The term 'and/or' adds ambiguity."); *United States v. Autrey*, 30 CMR 252, 254 (1961) (concluding that "and/or" is an "abominable combination of a conjunctive and a disjunctive" and "means either 'and' or 'or'").

## III. REQUESTS TO ADMIT

### REQUEST TO ADMIT NO. 1

Admit that Milwaukee Code of Ordinances (MCO) 105-140 (the "Ordinance") became effective May 9, 2026.

**Answer:** Subject to and without waiving the General Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 2**

Admit that the Ordinance expressly applies only to law enforcement officers "interacting with the public" in the performance of their duties.

**Specific Objections:** Plaintiff objects that "expressly," "applies," "interacting with the public," and "performance of their duties" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request calls for a purely legal conclusion about a local ordinance. *See Abdulqader v. United States*, 596 F. App'x 515, 516 (7th Cir. 2015) ("Rule 36 does not encompass demands . . . for legal conclusions."); *Jackson v. Lewandowski*, No. 23-CV-429-WMC, 2024 WL 4695850, at *2 (W.D. Wis. Oct. 18, 2024) (striking Request because it asked party to "admit the truth of a legal conclusion").

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Denied. The Ordinance imposes identification requirements on all official-capacity conduct that does not involve an undercover operation or special weapons and tactics team responsibilities without regard to whether the conduct involves interacting with the public.

**REQUEST TO ADMIT NO. 3**

Admit that the Ordinance does not regulate surveillance activity that does not involve interacting with the public.

**Specific Objections:** Plaintiff objects that "regulate," "surveillance activity," "involve," and "interacting with the public" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request calls for a purely legal conclusion about a local ordinance. *See Abdulqader*, 596 F. App'x at 516 ("Rule 36 does not encompass demands . . . for legal conclusions."); *Lewandowski*, 2024 WL 4695850, at *2 (striking Request because it asked party to "admit the truth of a legal conclusion").

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Denied. The Ordinance imposes identification requirements on all official-capacity conduct that does not involve an undercover operation or special weapons and tactics team responsibilities without regard to whether the conduct involves interacting with the public or surveillance.

**REQUEST TO ADMIT NO. 4**

Admit that the Ordinance does not regulate plainclothes operations that do not involve interacting with the public.

**Specific Objections:** Plaintiff objects that "regulate," "plainclothes," "operations," "involve," and "interacting with the public" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request calls for a purely legal conclusion about a local ordinance. *See Abdulqader*, 596 F. App'x at 516 ("Rule 36 does not encompass demands . . . for legal conclusions."); *Lewandowski*, 2024 WL 4695850, at *2 (striking Request because it asked party to "admit the truth of a legal conclusion").

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Denied. The Ordinance imposes identification requirements on all official-capacity conduct that does not involve an undercover operation or special weapons and tactics team responsibilities without regard to whether the conduct involves interacting with the public or plainclothes operations.

**REQUEST TO ADMIT NO. 5**

Admit that undercover operations are expressly exempted under the Ordinance.

**Specific Objections:** Plaintiff objects that "undercover operations," "expressly," and "exempted" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with

their plain and ordinary meaning. Plaintiff further objects that this Request calls for a purely legal conclusion about a local ordinance. *See Abdulqader*, 596 F. App'x at 516 ("Rule 36 does not encompass demands . . . for legal conclusions."); *Lewandowski*, 2024 WL 4695850, at *2 (striking Request because it asked party to "admit the truth of a legal conclusion").

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted that the Ordinance states, "The provisions of subs. 4 and 5 shall not apply to . . . [a] law enforcement officer engaged in an undercover operation."

**REQUEST TO ADMIT NO. 6**

Admit that the Ordinance requires federal law enforcement officers to either display their agency-affiliation, last name, and badge or identification number on their uniform, or verbally provide their agency affiliation, last name, and badge or identification number upon Request.

**Specific Objections:** Plaintiff objects that "require" is vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request calls for a purely legal conclusion about a local ordinance. *See Abdulqader*, 596 F. App'x at 516 ("Rule 36 does not encompass demands . . . for legal conclusions."); *Lewandowski*, 2024 WL 4695850, at *2 (striking Request because it asked party to "admit the truth of a legal conclusion").

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 7**

Admit that federal law enforcement officers charged with violating the Ordinance have an available, affirmative defense that their conduct was necessary and proper in furtherance of their official duties.

**Specific Objections:** Plaintiff objects to that "available," "affirmative defense," "conduct," "necessary," "proper," "in furtherance of," and "official duties" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request calls for a purely legal conclusion about a local ordinance. *See Abdulqader*, 596 F. App'x at 516 ("Rule 36 does not encompass demands . . . for legal conclusions."); *Lewandowski*, 2024 WL 4695850, at *2 (striking Request because it asked party to "admit the truth of a legal conclusion").

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Denied. The Ordinance's mask requirements apply to all official-capacity conduct while interacting with the public with exceptions for weather, undercover operations, and special weapons and tactics team responsibilities. The Ordinance's identification requirements apply to all official-capacity conduct with exceptions for undercover operations and special weapons and tactics team responsibilities. The Ordinance does not except conduct that is necessary and proper in furtherance of official duties from its mask or identification requirements.

**REQUEST TO ADMIT NO. 8**

Admit that federal law enforcement officers operated in the City of Milwaukee without interference by city officials after May 9, 2026.

**Specific Objections:** Plaintiff objects that "operated," "interference," and "city officials" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that "federal law enforcement officers" is vague and ambiguous. Plaintiff interprets this term consistently with General Objection No. 18.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Denied. The Ordinance's existence constitutes such interference.

**REQUEST TO ADMIT NO. 9**

Admit that federal agents employed by the Drug Enforcement Administration (DEA) have operated in the City of Milwaukee without interference after May 9, 2026.

**Specific Objections:** Plaintiff objects that "operated" and "interference" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that "federal agents" and "DEA" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 17 and 18.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Denied. The Ordinance's existence constitutes such interference.

**REQUEST TO ADMIT NO. 10**

Admit that federal agents employed by the Federal Bureau of Investigations (FBI) have operated in the City of Milwaukee without interference by city officials after May 9, 2026.

**Specific Objections:** Plaintiff objects that "operated," "interference," and "city officials" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that "federal agents" and "FBI" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 16 and 18.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Denied. The Ordinance's existence constitutes such interference.

**REQUEST TO ADMIT NO. 11**

Admit that federal agents employed by the Department of Homeland Security (DHS), including Immigration and Customs Enforcement (ICE) and Customs and Border Protection (CBP), have operated in the City of Milwaukee without interference by city officials after May 9, 2026.

**Specific Objections:** Plaintiff objects that "operated," "interference," and "city officials" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that "federal agents," "DHS," "ICE," and "CBP" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 13–15 and 18.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Denied. The Ordinance's existence constitutes such interference.

**REQUEST TO ADMIT NO. 12**

Admit that federal agencies, including DEA, FBI, DHS, ICE, and/or CBP, have not altered or amended their policies in response to the Ordinance.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "federal agencies," "DEA," "FBI," "DHS," "ICE," "CBP," and "policies" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 13–17, 19, and 20.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 13**

Admit that ICE agents performed "targeted" immigration enforcement activities in the City of Milwaukee between June 26-30, 2026, arresting or detaining, on average, 20 people each day. *See* https://www.jsonline.com/story/news/local/wisconsin/2026/09/03/milwaukee-immigration-arrests-spiked-during-operation-in-june/91563094007/ (Last accessed September 3, 2026).

**Specific Objections:** Plaintiff objects that this Request seeks admission of the genuineness of a described document that Plaintiff cannot access. The *Milwaukee Journal Sentinel* article titled "Wisconsin ICE Arrests Hit New High This Summer, New Data Shows" which Defendant

hyperlinked is paywalled. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 14**

Admit that publicly available video footage shows that some, but not all, ICE agents performing "targeted" immigration enforcement activities in the City of Milwaukee in June 2026 wore facial coverings and/or masks concealing or obstructing their faces. *See* https://www.jsonline.com/story/news/investigations/2026/07/08/videos-show-surge-of-wisconsin-ice-arrests-included-guns-tasers/90825634007/ (Last accessed September 3, 2026).

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that this Request seeks admission of the genuineness of a described document that Plaintiff cannot access. The *Milwaukee Journal Sentinel* article titled "Videos Show Shift in Milwaukee ICE Tactics to Forceful, Public Arrests" which Defendant hyperlinked is paywalled. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 15**

Admit that the City of Milwaukee did not issue any citations to ICE agents for violating the Ordinance in June 2026.

**Specific Objections:** Plaintiff objects that "ICE" and "agents" is vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 14 and 18.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 16**

Admit that the City of Milwaukee has not issued a citation to any federal agent for violating the Ordinance since May 9, 2026.

**Specific Objections:** Plaintiff objects that "federal agent" is vague and ambiguous. Plaintiff interprets these terms consistently with General Objection No. 18.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 17**

Admit that citizens have a right under the First Amendment to the United States Constitution to photograph, film, and publish law enforcement activities that occur in public.

**Specific Objections:** Plaintiff objects because this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff further objects that "have" is vague and ambiguous. Plaintiff further objects that this Request calls for a purely legal conclusion about the First Amendment. *See Abdulqader*, 596 F. App'x at 516 ("Rule 36 does not encompass demands . . . for legal conclusions."); *Lewandowski*, 2024 WL 4695850, at *2 (striking Request because it asked party to "admit the truth of a legal conclusion"). Plaintiff further objects that this Request is vague and ambiguous insofar as it asks for admission of a circumstance-dependent legal question about the nuances and limitations of the First Amendment in an evolving and unsettled area of law. *See, e.g.*, *Massimino v. Benoit*, 188 F.4th

120, 133 (2d Cir. 2026) ("Of course, the right to record law enforcement activity is not limitless—it can be subject to reasonable time, place, and manner restrictions.").

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 18**

Admit that state and local law enforcement agencies face the same or similar risks as federal law enforcement that individual officers may be identified as law enforcement by potential bad actors and/or members of the public.

**Specific Objections:** Plaintiff objects because this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff further objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "same," "similar," and "risks," and "bad actors" are vague and ambiguous.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 19**

Admit that state and local law enforcement agencies face the same or similar risks as federal law enforcement that individual officers who are identified may be involved in future operations allowing bad actors and/or members of the public to evade or obstruct law enforcement operations.

**Specific Objections:** Plaintiff objects because this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff further objects that "and/or" is vague and ambiguous for the reasons stated in General Objection

No. 23. Plaintiff further objects that "same," "similar," and "risks," "future operations," "bad actors," "evade," and "obstruct" are vague and ambiguous.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 20**

Admit that ICESpy.org purports to identify ICE employees by comparing uploaded photographs to publicly available, voluntarily shared information posted by individual agents to the LinkedIn social media website.

**Specific Objections:** Plaintiff objects that "purports to" is vague and ambiguous. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 21**

Admit that the ICESpy.org website denies that the site can be used to "harass ICE employees" and explicitly warns that "threatening federal employees is a felony."

**Specific Objections:** Plaintiff objects that "denies" is vague and ambiguous. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 22**

Admit that the ICESpy.org website includes an email link allowing individuals to Request that their photographs be removed.

**Specific Objections:** Plaintiff objects that "allowing" is vague and ambiguous. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 23**

Admit that DEA has written policies defining DEA employees' uniform requirements.

**Specific Objections:** Plaintiff objects that "DEA," "policies," and "employees" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 17, 20, and 21.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 24**

Admit that FBI has written policies defining FBI employees' uniform requirements.

**Specific Objections:** Plaintiff objects that "FBI," "policies," and "employees" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 16, 20, and 21.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 25**

Admit that DHS has written policies defining DHS employees' uniform requirements.

**Specific Objections:** Plaintiff objects that "DHS," "policies," and "employees" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 13, 20, and 21.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 26**

Admit that ICE has written policies defining employees' uniform requirements.

**Specific Objections:** Plaintiff objects that "ICE," "policies," and "employees" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 14, 20, and 21.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 27**

Admit that CBP has written policies defining employees' uniform requirements.

**Specific Objections:** Plaintiff objects that "CBP," "policies," and "employees" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 15, 20, and 21.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 28**

Admit that DEA does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "DEA," "policy," "agents," "facial coverings," "masks," and "matter of agency policy" are vague and ambiguous. Plaintiff interprets those terms consistently with General Objections Nos. 17, 18, 20, 21, and 22.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 29**

Admit that FBI does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "FBI," "policy," "agents," "facial coverings," "masks," and "matter of agency policy" are vague and ambiguous. Plaintiff interprets those terms consistently with General Objections Nos. 16, 18, 20, 21, and 22.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 30**

Admit that DHS does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "DHS," "policy," "agents," "facial coverings," "masks," and "matter of agency policy" are vague and ambiguous. Plaintiff interprets those terms consistently with General Objections Nos. 13, 18, 20, 21, and 22.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 31**

Admit that ICE does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "ICE," "policy," "agents," "facial coverings," "masks," and "matter of agency policy" are vague and ambiguous. Plaintiff interprets those terms consistently with General Objections Nos. 14, 18, 20, 21, and 22.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 32**

Admit that CBP does not have a written policy requiring agents to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "CBP," "policy," "agents," "facial coverings," "masks," and "matter of agency policy" are vague and ambiguous. Plaintiff interprets those terms consistently with General Objections Nos. 15, 18, 20, 21, and 22.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 33**

Admit that the Federal Government does not have a written policy requiring federal law enforcement officers, as defined in 34 U.S.C. § 50301(5), to wear facial coverings and/or masks when interacting with the public as a matter of agency policy.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "Federal Government," "policy," "federal law enforcement officers," "facial coverings," "masks," and "matter of agency policy" are vague and ambiguous. Plaintiff interprets those terms consistently with General Objections Nos. 18–21 and 22.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff answers as follows: Admitted.

**REQUEST TO ADMIT NO. 34**

Admit that the Federal Government's practice is to permit each individual officer to decide for him or herself whether to conceal their identity by wearing facial coverings and/or masks.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "Federal Government," "officer," "facial coverings," and "masks" are vague and ambiguous for the reasons stated in General Objections Nos. 18–20 and 22. Plaintiff further objects that the term "practice" and "decide for him or herself" are vague and ambiguous. Plaintiff further objects that the term "practice" has no application to the Federal Government, as the term "practice" is normally understood.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 35**

Admit that this practice of permitting each individual federal officer or agent to decide for him or herself whether to conceal their identity by wearing facial coverings and/or masks was not standard federal law enforcement practice before 2025.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff objects that "officer," "facial coverings," and "masks" are vague and ambiguous for the reasons stated in General Objection No. 18 and 22. Plaintiff further objects that "practice," "decide for him or herself," and "standard" are vague and ambiguous. Plaintiff further objects that the term "practice" has no application to the Federal Government, as the term "practice" is normally understood. Plaintiff further objects that this Request seeks information predating January 1, 2025, without temporal limitation. Producing such

information would be disproportionate to the needs of this case because it would require reviewing potentially thousands of documents held by countless custodians with unlimited temporal scope.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 36**

Admit that federal agencies, including the FBI and United States Marshals Service (USMC), have issued public bulletins about the increased incidence of dangerous criminal impersonations of federal agents since 2025. *See* https://www.newsweek.com/fbi-warns-criminals-posing-ice-robberies-kidnappings-11008376 (Last accessed September 3, 2026).

**Specific Objections:** Plaintiff objects that "public bulletins" is vague and ambiguous. Plaintiff further objects that "FBI" is vague and ambiguous for the reasons stated in General Objection No. 16. Plaintiff further objects to this Request to the extent it seeks information about the U.S. Marshals Service. Such information would be irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 37**

Admit that public media outlets have reported that criminals and/or bad actors have impersonated federal agents to commit violent state crimes including robberies, kidnappings, and sexual assault since January 2025.[1]

---

[1] *See, e.g.*, https://www.houstonpublicmedia.org/articles/news/local/2025/11/24/536979/church-ice-massage-arrest-league-city/ (Last accessed September 3, 2026); https://abc13.com/post/suspect-

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "public media outlets," "criminals," "bad actors," and "violent state crimes" are vague and ambiguous. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 38**

Admit that the use of facial coverings and/or masks as well as the removal of individual identifier tags or badges make impersonating federal law enforcement less difficult for criminals and/or bad actors.

**Specific Objections:** Plaintiff objects that "facial coverings," "masks," and "and/or" are vague and ambiguous for the reasons stated in the General Objections. Plaintiff objects that "less

---

arrested-allegedly-posing-ice-agent-during-robbery-skyline-drive-west-houston-police-say/16845926/ (Last accessed September 3, 2026); https://www.nj.com/essex/2026/01/man-pretended-to-be-an-ice-agent-robbed-2-people-in-nj-cops-say.html (Last accessed September 3, 2026); https://www.coasttv.com/news/delaware-state-police-investigate-ice-impersonators-involved-in-milton-armed-robbery/article_7f834784-4078-4fee-86b8-571addc0f429.html (Last accessed September 3, 2026); https://prospect.org/2025/06/24/2025-06-24-ice-impersonations-proliferate-agencys-undercover-tactics/ (Last accessed September 3, 2026); https://www.independent.co.uk/news/world/americas/us-politics/ice-impersonators-los-angeles-protests-b2773448.html (Last accessed September 3, 2026); https://www.cbsnews.com/newyork/news/ice-agent-impersonation-attempted-brooklyn-heights/ (Last accessed September 3, 2026); https://www.miamiherald.com/news/state/florida/article304699521.html (Last accessed September 3, 2026); https://www.theguardian.com/us-news/2025/jun/28/civilians-impersonating-ice-officers (Last accessed September 30, 2026); https://www.wral.com/news/local/raleigh-police-arrest-man-impersonating-officer-sexual-assault-jan-2025/ (Last accessed September 30, 2026); https://www.the-independent.com/news/world/americas/crime/fake-ice-agents-oregon-b3022519.html (Last accessed September 3, 2026); https://www.huffpost.com/entry/multiple-men-have-impersonated-ice-agents-to-kidnap-and-assault-women_n_689a19a2e4b07a70fa09262d (Last accessed September 3, 2026); https://www.washingtonpost.com/dc-md-va/2023/06/16/ice-impersonator-sex-assault-arrest/ (Last accessed September 3, 2026).

difficult," "criminals," and "bad actors" are vague and ambiguous. Plaintiff further objects to the term "less" as requiring a comparison that cannot be made because this Request omits the comparator.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 39**

Admit that the use of facial coverings and/or masks makes federal law enforcement less readily identifiable as federally-authorized law enforcement.

**Specific Objections:** Plaintiff objects that "facial coverings," "masks," and "and/or" are vague and ambiguous for the reasons stated in the General Objections. Plaintiff further objects that "less readily identifiable" is vague and ambiguous. Plaintiff also objects to "less readily" as requiring a comparison that cannot be made because this Request omits the comparator.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 40**

Admit that the removal of agency-identifiers and badges makes federal law enforcement less readily identifiable as federally-authorized law enforcement.

**Specific Objections:** Plaintiff objects that "facial coverings," "masks," and "and/or" are vague and ambiguous for the reasons stated in the General Objections. Plaintiff further objects that "less readily identifiable" is vague and ambiguous. Plaintiff also objects to "less readily" as requiring a comparison that cannot be made because this Request omits the comparator.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 41**

Admit that citizens may be licensed to carry concealed weapons under Wisconsin law.

**Specific Objections:** Plaintiff objects because this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff further objects that "licensed" and "under Wisconsin law" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request seeks information that is irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific objections asserted, Plaintiff answers as follows: Admitted that a Wisconsin statute, Wis. Stat. § 175.60, states that "[a] licensee or an out-of-state licensee may carry a concealed weapon anywhere in this state" with some exceptions.

**REQUEST TO ADMIT NO. 42**

Admit that citizens may use reasonable force to prevent or stop an unlawful interference against their person under Wisconsin law.

**Specific Objections:** Plaintiff objects because this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff further objects that "reasonable force," "prevent or stop," "unlawful interference," "against their person," and "under Wisconsin law" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request seeks information that is irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. Plaintiff further objects that this

Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections asserted, Plaintiff answers as follows: Admitted that a Wisconsin statute, Wis. Stat. § 939.48(1), states that "[a] person is privileged to threaten or intentionally use force against another for the purpose of preventing or terminating what the person reasonably believes to be an unlawful interference with his or her person by such other person," and that "[t]he actor may intentionally use only such force or threat thereof as the actor reasonably believes is necessary to prevent or terminate the interference."

**REQUEST TO ADMIT NO. 43**

Admit that citizens may use deadly force to prevent imminent death or great bodily harm under Wisconsin law.

**Specific Objections:** Plaintiff objects because this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff further objects that "deadly force," "imminent death or great bodily harm," and "under Wisconsin law" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request seeks information that is irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections asserted, Plaintiff answers as follows: Admitted that a Wisconsin statute, Wis. Stat. § 939.48(1), states that an individual who wishes to invoke the statutory self-defense privilege "may not intentionally use

force which is intended or likely to cause death or great bodily harm unless the actor reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself."

**REQUEST TO ADMIT NO. 44**

Admit that under Wisconsin law citizens do not have a statutory duty to retreat in public places before using force in self-defense.

**Specific Objections:** Plaintiff objects because this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff further objects that "under Wisconsin law," "statutory duty," "retreat," "public places," "using force," and "self-defense" are vague and ambiguous. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request seeks information that is irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections asserted, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 45**

Admit that when law enforcement cannot be readily distinguished from criminal actors and/or vigilantes a greater risk exists that a citizen may reasonably, but mistakenly, use force to resist lawful enforcement activities.

**Specific Objections:** Plaintiff objects because this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff further objects that "and/or" is vague and ambiguous for the reasons stated in the General

Objections, Plaintiff further objects that "readily distinguished," "criminal actors," "vigilantes," "greater risk," "exists," "reasonably," "mistakenly," "use force," and "resist" are vague and ambiguous. Plaintiff also objects to "readily" as requiring a comparison that cannot be made because this Request omits the comparator. Plaintiff interprets these terms in a manner consistent with their plain and ordinary meaning. Plaintiff further objects that this Request seeks information that is irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee. Plaintiff further objects that this Request seeks information that is publicly available, readily accessible to Defendant, and would otherwise be less burdensome for Defendant to obtain than Plaintiff.

**Answer:** Subject to and without waiving the General and Specific Objections asserted, Plaintiff has no further response.

**REQUEST TO ADMIT NO. 46**

Admit that force used against federal law enforcement in self-defense poses a risk of injury to the officers and/or agents involved, the citizen(s) using force to resist, and the public at large.

**Specific Objections:** Plaintiff objects because this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff further objects that "and/or" is vague and ambiguous for the reasons stated in the General Objections. Plaintiff further objects that "force," "self-defense," "risk of injury," "using force," "resist," and "public at large" are vague and ambiguous. Plaintiff further objects that this Request seeks information that is irrelevant to the issues before the Court: Whether the Ordinance regulates federal law enforcement operations in Milwaukee.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

## IV. INTERROGATORIES

### INTERROGATORY NO. 1

For each Request to Admit, *supra*, which has been denied, either in whole or in part, state each and every basis for denial and identify all documents and/or information in support of such denial, and all persons consulted and/or documents reviewed in arriving at such denial.

**Specific Objections:** Plaintiff objects because this Interrogatory is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Interrogatory. Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects to this Interrogatory for the reasons stated in General Objection No. 11. As written, this Interrogatory is a compound interrogatory that asks to (i) identify each Request to Admit that was denied (in whole or in part); (ii) state each and every basis for the denial; (iii) identify all documents in support of the denial; (iv) identify all information in support of the denial; (v) identify all persons consulted in arriving at the denial; and (vi) identify all documents reviewed in arriving at the denial. If this Interrogatory applied to those numbered interrogatories, each would contain six distinct subparts, all of which are distinct interrogatories for each of the eight (8) denial responses. Plaintiff further objects that this Interrogatory is unduly burdensome because responses to subparts (i) and (ii) are already provided in response to the relevant Requests to Admit that have been denied above. *See* RFA Nos. 2–4 and 7–11.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

### INTERROGATORY NO. 2

For each Request to Admit, *supra*, for which lack of information or knowledge has been claimed, identify specifically each and every step taken to attempt to answer such Request to Admit and identify each and every person contacted in attempting to answer said Request to Admit.

**Specific Objections:** Plaintiff objects because this Interrogatory is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Interrogatory. Plaintiff also objects to this Request as “attempt” is overbroad, vague, and ambiguous. Plaintiff objects to this Request to the extent it implicates privileged information. Plaintiff further objects to this Interrogatory for the reasons stated in General Objection No. 11. As written, this Request is a compound interrogatory that asks to (i) identify each Request to Admit for which lack of information or knowledge has been claimed; (ii) identify specifically each and every step taken to attempt to answer; and (iii) identify each and every person contacted in attempting to answer. If this Request applied to those numbered Interrogatories, each would contain three distinct subparts, all of which are distinct interrogatories

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff responds as follows: Plaintiff does not claim lack of knowledge or information for any Requests to Admit.

**INTERROGATORY NO. 3**

Describe in detail the Federal Government’s current guidance to CBP and ICE regarding the use of facial coverings and/or masks and individual identifiers, including: (a) when such guidance was given; (b) by whom; and (c) identifying any and all documents in Plaintiff’s possession, custody, or control describing the scope of discretion granted to CBP and/or ICE, as well as individual agents, and/or the relevant factors to consider.

**Specific Objections:** Plaintiff objects that “and/or” is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that “Federal Government,” “guidance,” “CBP,” “ICE,” “facial coverings,” “masks,” and “agents” are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 13, 14, 17–19, and 21. Plaintiff further objects that “relevant factors” is vague and ambiguous. Plaintiff interprets these

terms consistently with their plain and ordinary meaning. Plaintiff further objects to the extent this Interrogatory seeks "any and all" documents for the reasons stated in General Objection No. 11. As written, this Interrogatory is a compound interrogatory that asks to (i) identify when guidance to CBP and ICE regarding the use of facial coverings and/or masks and individual identifiers was given; (1) identify who gave such guidance; and (3) identify "any and all documents" concerning the Interrogatory.

**Answer as to ICE ERO:** Subject to and without waiving the General and Specific Objections, ICE ERO responds as follows: ICE does not currently have written policies or formal written guidance requiring its officers and agents to wear facial coverings or masks for reasons other than health and wellness (*e.g.*, to prevent the transmission or contraction of illness or disease, exposure to hazardous substances, or other circumstances requiring the use of personal protective equipment (PPE)). In a July 21, 2025 interview, then-Acting Director Todd Lyons stated that he will allow ICE to wear masks for the safety of the officers and their family. Specifics about the contents and context for that interview can be found at the following links: (1) https://www.cbsnews.com/news/ice-todd-lyons-interview-masks-medicaid/; (2) https://www.cbsnews.com/news/todd-lyons-ice-director-face-the-nation-transcript-07-20-2025/. ICE currently leaves the decision on whether to wear a face mask during enforcement actions up to the individual officer. ICE ERO officers operating in Milwaukee fall under the command of the Chicago Field Office. Current guidance, from the Chicago Field Office, on the wearing of face masks is that (1) face masks must be one solid color, with no graphics, and (2) face masks are not authorized while conducting enforcement at airports. With respect to the use of agency identifiers by ICE officers, ICE ERO further responds to this Request by reference to the document produced at Bates Stamps ERO_RED000001–35 and ERO000036–37. Plaintiff will produce unredacted copies of these

materials subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order. ECF No. 26.

**Answer as to ICE HSI:** Subject to and without waiving the General and Specific Objections, ICE HSI responds as follows: HSI does not have currently written policies or formal written guidance requiring its officers and agents to wear facial coverings or masks for reasons other than health and wellness (e.g. to prevent the transmission or contraction of illness or disease, exposure to hazardous substances, or other circumstances requiring the use of personal protective equipment (PPE)). There is no current local (HSI Milwaukee) or known national formal or informal agency guidance regarding the usage or display of individually identifying markings during enforcement operations.

**Answer as to CBP:** Subject to and without waiving the General and Specific Objections, CBP responds as follows: CBP does not have agency-wide written policies or formal written guidance requiring its officers and agents to wear facial coverings or masks for reasons other than health and wellness (e.g., to prevent the transmission or contraction of illness or disease, exposure to hazardous substances, or other circumstances requiring the use of personal protective equipment (PPE)). CBP does have sub-component level policies that may permit officers and agents to wear certain facial coverings in their discretion. CBP has written policies defining the uniform requirements for some, but not all, respective employees, including policies outlining when agency affiliation and individual identifiers are required and in what manner. Certain law enforcement subcomponents of CBP have policies authorizing the use of alternate unique identifiers for personnel. CBP law enforcement subcomponents may issue logistical communications at the local level or for particular operations establishing uniform requirements and/or authorizing uniform modifications as permitted by the national level policies. CBP further responds to this Request by

reference to the documents produced at Bates Stamps AMO000001–35; OFO_RED000001–49; USBP_RED00001–42; and OPR_RED000001–7. Plaintiff will produce unredacted copies of these materials subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order. ECF No. 26

**INTERROGATORY NO. 4**

Describe with particularity how denying federal law enforcement agencies and/or individual federal officials' discretion to wear facial coverings and/or masks would chill federal law enforcement.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff objects that "federal law enforcement agencies," "federal officials," "facial coverings," "masks," and "federal law enforcement" are vague and ambiguous. Plaintiff interprets those terms consistently with General Objections Nos. 17, 18, and 21.

**Answer as to ICE ERO:** Subject to and without waiving the General and Specific Objections, ICE ERO responds as follows: Protecting federal immigration officers' personal identities during enforcement operations is a critical tool serving vital safety and operational purposes. Protecting the personal identities of federal officers and their families is more urgent today in part due to the increasingly common threats of targeted harassment of and retaliation against federal immigration officers for simply doing their jobs. Individuals, including immigration activists and other members of the public, routinely photograph, film, and publish online ICE ERO enforcement actions to include the personal identities of ICE officers and other federal task force personnel. The photographs and films are posted online for the sole purpose of intimidating and harassing government employees and are directly used by members of local organized crime and transnational criminal organizations in serious and potentially deadly ways.

During enforcement actions, ICE personnel regularly observe and overhear individuals shouting phrases such as "doxx these people," "find out who they are and where they live," and "we will find out who you are and who your family members are." These are not idle threats. For example, in March 2026, two defendants were convicted in the Central District of California for felony stalking after they followed an ERO deportation officer home from work and live-streamed his address on Instagram. At the defendants' encouragement, others showed up at the officer's home, where the combined group proceeded to racially abuse the officer's spouse and traumatize his young children, which eventually forced the officer and his family to move for safety concerns.[2] Other recent examples include a defendant pleading guilty for doxxing a DHS attorney, whom he claimed was an ICE officer, by posting her address on social media and encouraging others to "swat" her[3]; a defendant from Brooklyn arrested for threatening to murder an ICE officer, his family, and his children while protesting outside an ICE detention facility in New Jersey[4]; and an anonymous individual in North Carolina who doxxed an ICE officer by mailing postcards that included the officer's name and picture to residents in the officer's community.[5] DHS has obtained credible intelligence indicating that Mexican criminals, in coordination with domestic extremist

---

[2] U.S. Att'y's Office for the Cent. Dist. of Cal., *Riverside and Colorado Women Found Guilty of Stalking ICE Officer Home from Work and Livestreaming the Pursuit on Social Media*, Justice.gov (Mar. 2, 2026), https://www.justice.gov/usao-cdca/pr/riverside-and-colorado-women-found-guilty-stalking-ice-officer-home-work-and [https://perma.cc/227H-J5MM].

[3] U.S. Att'y's Office for the Cent. Dist. of Cal., *Santa Monica Man Pleads Guilty to Doxing ICE Lawyer*, Justice.gov (June 5, 2026), https://www.justice.gov/usao-cdca/pr/santa-monica-man-pleads-guilty-doxing-ice-lawyer [https://perma.cc/W6QB-5327].

[4] U.S. Dep't of Just. Office of Pub. Affs., *Brooklyn Man Charged with Threatening to Assault and Murder ICE Officer and His Family*, Justice.gov (June 1, 2026), https://www.justice.gov/opa/pr/brooklyn-man-charged-threatening-assault-and-murder-ice-officer-and-his-family [https://perma.cc/YY4N-WL88].

[5] U.S. Dep't of Homeland Sec., *Anti-ICE Agitator Doxxes ICE Officer in North Carolina*, DHS.gov (Mar. 31, 2026), https://www.dhs.gov/news/2026/03/31/anti-ice-agitator-doxxes-ice-officer-north-carolina [https://perma.cc/7VFW-26LK].

groups, have placed targeted bounties for the murders of ICE and CBP personnel in a tiered bounty system. Cartels have disseminated a structured bounty program to incentivize violence against federal personnel, with payouts escalating based on rank and action taken: (1) $2,000 for gathering intelligence or doxxing officers (including photos and family details); (2) $5,000–$10,000 for kidnapping or non-lethal assaults on standard ICE/CBP officers/agents; and (3) up to $50,000 for the assassination of high-ranking officials. These threats have created an intensely hostile environment that jeopardizes the safety of officers and their families. These occurrences intentionally expose the identity of officers on multiple social media platforms for the sole purpose of impeding ICE law enforcement operations or encouraging and soliciting violence against officers and their families. Doxxing of ICE officers/agents has also been encouraged across the web. An example of a website perpetrating the doxxing of ICE staff and contractors is ICESpy.org (last visited June 22, 2026). During protests at ICE offices, there have been numerous attempts by activists, protesters, and agitators to identify and dox our staff as they enter and exit federal properties. In addition, it is a regular occurrence for members of the public to interfere with and attempt to document/identify our officers conducting field operations. Some individuals are taking pictures of ICE officers' faces and running those pictures through facial recognition applications that will search all of social media. Once a match is made, they will continue to search for family members, including children. Once all the family members are identified, they'll attempt to locate their home. The findings are posted on anti-ICE websites. Wearing facial coverings or otherwise protecting the personal identities of immigration officers can be essential to mitigating the above kinds of threats. That is, facial coverings reduce the risk of officers' personal identities being shared publicly, which helps ensure that officers' privacy and safety, and that of their family members, remains intact. Protecting officers' personal identities is particularly important during high-risk

enforcement operations involving individuals with violent criminal history, gang affiliations, transnational criminal organizations, and known or suspected terrorists. Facial coverings are also an important tool to protect officers from unpredictable health and safety hazards that arise during enforcement activities. Wearing facial coverings can minimize exposure to these, and other types, of health hazards. ICE officers should therefore have the ability to prepare themselves for these hazards at any time during any law enforcement operation, irrespective of whether the operation is an active undercover operation, a tactical operation, or whether an operation is occurring in exigent circumstances. Moreover, ICE policy permits personnel to use any facial covering they feel is appropriate to meet operational needs and to protect them from health hazards. In addition to mitigating safety risks, protecting the personal identities of federal immigration officials is necessary for operational purposes to effectively accomplish DHS's immigration enforcement mission. For instance, ICE routinely conducts investigations and surveillance in plainclothes to locate and apprehend illegal aliens, particularly in public or community areas where targets may attempt to evade detection. While the Ordinance's identification requirement is not applicable to officers engaged in "an undercover operation," it is unclear whether covert operations for surveillance activity, as outlined above, is permissible under the Ordinance. An attempt to require ICE officers/agents to wear visible identification including name tags and badges would compromise operational security by alerting targets to the presence of law enforcement and increasing the likelihood of flight. The Ordinance's visible identification requirement would therefore undermine ICE's ability to apprehend even those individuals who pose significant risks to national security and public safety, which further jeopardizes the safety of officers, the public, and targets themselves. It is the policy of ICE ERO, during enforcement actions, to require officers to identify themselves to immediate parties involved and provide credentials upon request when

safe and practical. If operationally feasible, officers may also identify themselves to third parties. ICE ERO policy also requires that when an officer's weapon is visible, an ICE badge must also be visible. However, these policies would not require an officer to identify himself or herself during covert surveillance or an undercover operation. By preventing the use of facial coverings, the Ordinance also suspects to identify officers who may be involved in future enforcement actions. Because suspects who recognize officers may take preemptive actions to evade apprehension and obstruct enforcement efforts, wearing facial coverings is critical for maintaining operational effectiveness, especially in areas where repeat offenders or organized criminal networks are prevalent. Given the personal threats and violence that ICE officers/agents face, denying them the opportunity to protect their identities by not displaying their names and to provide an extra layer of security with the choice to wear facial masks would chill federal law enforcement operations. The inability to conceal officers' identities during enforcement actions thus compromises DHS's mission and increases the likelihood of targeted violence against officers.

**INTERROGATORY NO. 5**

Describe with particularity how denying federal law enforcement agencies and/or individual federal officials' discretion to remove individual identifiers would chill federal law enforcement.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "federal law enforcement agencies," "federal officials," and "federal law enforcement" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 17 and 18. Plaintiff further objects that this Request is irrelevant and not proportional to the needs of the case because the Ordinance's regulation of the Federal Government is in and of itself a cognizable harm.

**Answer as to ICE ERO:** Subject to and without waiving the General and Specific Objections, ICE ERO responds as follows: Protecting federal immigration officers' personal identities during enforcement operations is a critical tool serving vital safety and operational purposes. Protecting the personal identities of federal officers and their families is more urgent today in part due to the increasingly common threats of targeted harassment of and retaliation against federal immigration officers for simply doing their jobs. Individuals, including immigration activists and other members of the public, routinely photograph, film, and publish online ICE ERO enforcement actions to include the personal identities of ICE officers and other federal task force personnel. The photographs and films are posted online for the sole purpose of intimidating and harassing government employees and are directly used by members of local organized crime and transnational criminal organizations in serious and potentially deadly ways. During enforcement actions, ICE personnel regularly observe and overhear individuals shouting phrases such as "doxx these people," "find out who they are and where they live," and "we will find out who you are and who your family members are." These are not idle threats. For example, in March 2026, two defendants were convicted in the Central District of California for felony stalking after they followed an ERO deportation officer home from work and live-streamed his address on Instagram. At the defendants' encouragement, others showed up at the officer's home, where the combined group proceeded to racially abuse the officer's spouse and traumatize his young children, which eventually forced the officer and his family to move for safety concerns.[6] Other recent examples include a defendant pleading guilty for doxxing a DHS attorney, whom he

[6] U.S. Att'y's Office for the Cent. Dist. of Cal., *Riverside and Colorado Women Found Guilty of Stalking ICE Officer Home from Work and Livestreaming the Pursuit on Social Media*, Justice.gov (Mar. 2, 2026), https://www.justice.gov/usao-cdca/pr/riverside-and-colorado-women-found-guilty-stalking-ice-officer-home-work-and [https://perma.cc/227H-J5MM].

claimed was an ICE officer, by posting her address on social media and encouraging others to "swat" her[7]; a defendant from Brooklyn arrested for threatening to murder an ICE officer, his family, and his children while protesting outside an ICE detention facility in New Jersey[8]; and an anonymous individual in North Carolina who doxxed an ICE officer by mailing postcards that included the officer's name and picture to residents in the officer's community.[9] DHS has obtained credible intelligence indicating that Mexican criminals, in coordination with domestic extremist groups, have placed targeted bounties for the murders of ICE and CBP personnel in a tiered bounty system. Cartels have disseminated a structured bounty program to incentivize violence against federal personnel, with payouts escalating based on rank and action taken: (1) $2,000 for gathering intelligence or doxxing officers (including photos and family details); (2) $5,000–$10,000 for kidnapping or non-lethal assaults on standard ICE/CBP officers/agents; and (3) up to $50,000 for the assassination of high-ranking officials. These threats have created an intensely hostile environment that jeopardizes the safety of officers and their families. These occurrences intentionally expose the identity of officers on multiple social media platforms for the sole purpose of impeding ICE law enforcement operations or encouraging and soliciting violence against officers and their families. Doxxing of ICE officers/agents has also been encouraged across the web. An example of a website perpetrating the doxxing of ICE staff and contractors is ICESpy.org

---

[7] U.S. Att'y's Office for the Cent. Dist. of Cal., *Santa Monica Man Pleads Guilty to Doxing ICE Lawyer*, Justice.gov (June 5, 2026), https://www.justice.gov/usao-cdca/pr/santa-monica-man-pleads-guilty-doxing-ice-lawyer [https://perma.cc/W6QB-5327].

[8] U.S. Dep't of Just. Office of Pub. Affs., *Brooklyn Man Charged with Threatening to Assault and Murder ICE Officer and His Family*, Justice.gov (June 1, 2026), https://www.justice.gov/opa/pr/brooklyn-man-charged-threatening-assault-and-murder-ice-officer-and-his-family [https://perma.cc/YY4N-WL88].

[9] U.S. Dep't of Homeland Sec., *Anti-ICE Agitator Doxxes ICE Officer in North Carolina*, DHS.gov (Mar. 31, 2026), https://www.dhs.gov/news/2026/03/31/anti-ice-agitator-doxxes-ice-officer-north-carolina [https://perma.cc/7VFW-26LK].

(last visited June 22, 2026). During protests at ICE offices, there have been numerous attempts by activists, protesters, and agitators to identify and dox our staff as they enter and exit federal properties. In addition, it is a regular occurrence for members of the public to interfere with and attempt to document/identify our officers conducting field operations. Some individuals are taking pictures of ICE officers' faces and running those pictures through facial recognition applications that will search all of social media. Once a match is made, they will continue to search for family members, including children. Once all the family members are identified, they'll attempt to locate their home. The findings are posted on anti-ICE websites. Wearing facial coverings or otherwise protecting the personal identities of immigration officers can be essential to mitigating the above kinds of threats. That is, facial coverings reduce the risk of officers' personal identities being shared publicly, which helps ensure that officers' privacy and safety, and that of their family members, remains intact. Protecting officers' personal identities is particularly important during high-risk enforcement operations involving individuals with violent criminal history, gang affiliations, transnational criminal organizations, and known or suspected terrorists. Facial coverings are also an important tool to protect officers from unpredictable health and safety hazards that arise during enforcement activities. Wearing facial coverings can minimize exposure to these, and other types, of health hazards. ICE officers should therefore have the ability to prepare themselves for these hazards at any time during any law enforcement operation, irrespective of whether the operation is an active undercover operation, a tactical operation, or whether an operation is occurring in exigent circumstances. Moreover, ICE policy permits personnel to use any facial covering they feel is appropriate to meet operational needs and to protect them from health hazards. In addition to mitigating safety risks, protecting the personal identities of federal immigration officials is necessary for operational purposes to effectively accomplish DHS's immigration enforcement

mission. For instance, ICE routinely conducts investigations and surveillance in plainclothes to locate and apprehend illegal aliens, particularly in public or community areas where targets may attempt to evade detection. While the Ordinance's identification requirement is not applicable to officers engaged in "an undercover operation," it is unclear whether covert operations for surveillance activity, as outlined above, is permissible under the Ordinance. An attempt to require ICE officers/agents to wear visible identification including name tags and badges would compromise operational security by alerting targets to the presence of law enforcement and increasing the likelihood of flight. The Ordinance's visible identification requirement would therefore undermine ICE's ability to apprehend even those individuals who pose significant risks to national security and public safety, which further jeopardizes the safety of officers, the public, and targets themselves. It is the policy of ICE ERO, during enforcement actions, to require officers to identify themselves to immediate parties involved and provide credentials upon request when safe and practical. If operationally feasible, officers may also identify themselves to third parties. ICE ERO policy also requires that when an officer's weapon is visible, an ICE badge must also be visible. However, these policies would not require an officer to identify himself or herself during covert surveillance or an undercover operation. By preventing the use of facial coverings, the Ordinance also suspects to identify officers who may be involved in future enforcement actions. Because suspects who recognize officers may take preemptive actions to evade apprehension and obstruct enforcement efforts, wearing facial coverings is critical for maintaining operational effectiveness, especially in areas where repeat offenders or organized criminal networks are prevalent. Given the personal threats and violence that ICE officers/agents face, denying them the opportunity to protect their identities by not displaying their names and to provide an extra layer of security with the choice to wear facial masks would chill federal law enforcement operations.

The inability to conceal officers' identities during enforcement actions thus compromises DHS's mission and increases the likelihood of targeted violence against officers.

**INTERROGATORY NO. 6**

Describe with particularity how complying with the Ordinance would "endanger officers and reduce operational effectiveness" other than by "subjecting them to standards that conflict with and differ materially from applicable federal standards and policies."

**Specific Objections:** Plaintiff objects to this Request as inherently vague, ambiguous, and overly broad as it is not directed to anyone in particular and calls for speculation. Plaintiff further objects that "[d]escribe" and "other than by" are vague and ambiguous. Plaintiff further objects that this Request is irrelevant and not proportional to the needs of the case because the Ordinance's regulation of the Federal Government is in and of itself a cognizable harm.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**INTERROGATORY NO. 7**

Identify any and all public reporting Plaintiff is aware of that substantiates the allegations made in Paragraph 55 of Plaintiff's Complaint, and describe in detail what threats "have expanded to include extended family members."

**Specific Objections:** Plaintiff objects to this Request to the extent it seeks documents that are publicly available, or are accessible to Defendant, or would be less burdensome for Defendant to obtain than Plaintiff. *See* Fed. R. Civ. P. 26(b)(2)(C). Plaintiff further objects to "describe" as confusing, vague, ambiguous, and overbroad.

**Answer:** Subject to and without waiving the General and Specific Objections and subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order, Plaintiff has no further response.

## V. REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Produce any and all documents, ESI, or other tangible items that Plaintiff has in its possession, custody, or control supporting its claim that the Ordinance conflicts with federal policy to the extent it prohibits the wearing of facial coverings and/or masks, *see* ECF No.1, ¶ 50, including without limitation:

a. Any and all documents, ESI, or other tangible items reflecting the existence of a written DEA policy concerning the use of facial coverings and/or masks by DEA employees;

b. Any and all documents, ESI, or other tangible items reflecting the existence of a written FBI policy concerning the use of facial coverings and/or masks by FBI employees;

c. Any and all documents, ESI, or other tangible items reflecting the existence of a written DHS policy concerning the use of facial coverings and/or masks by DHS employees;

d. Any and all documents, ESI, or other tangible items reflecting the existence of a written ICE policy concerning the use of facial coverings and/or masks by ICE employees; and

e. Any and all documents, ESI, or other tangible items reflecting the existence of a written CBP policy concerning the use of facial coverings and/or masks by CBP employees.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "federal policy," "facial coverings," "masks," "policy," "DEA," "FBI," "DHS," "ICE," "CBP," and "employees" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 12–16 and 19–21. Plaintiff further objects to this Request to the extent it seeks "any and all" documents for the reasons stated in General Objection No. 11. Plaintiff further objects that "ESI," "other tangible items," "to the extent that," "reflecting the existence of," "concerning," and "including without limitation" are vague, ambiguous, and lacking the reasonable particularity required by

Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. 34. Plaintiff further objects to the Request as unduly burdensome and not proportional to the needs of the case because it is not limited by temporal scope. Plaintiff further objects that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the deliberative-process privilege.

**Answer as to DEA:** Subject to and without waiving the General and Specific Objections, please see DEA000001.

**Answer as to FBI:** Subject to and without waiving the General and Specific Objections, Plaintiff will produce unredacted copies of these materials subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order. ECF No. 26.

**Answer as to ICE ERO:** Subject to and without waiving the General and Specific Objections, a reasonable search did not yield documents responsive to the Request.

**Answer as to ICE HSI:** Subject to and without waiving the General and Specific Objections, a reasonable search did not yield documents responsive to the Request.

**Answer as to CBP:** Subject to and without waiving the General and Specific Objections, a reasonable search did not yield documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 2**

Produce any and all documents, ESI, or other tangible items that Plaintiff has in its possession, custody, or control supporting its claim that the Ordinance conflicts with federal policy to the extent it requires the wearing of individual identifier tags or badges, *see* ECF No. 1, ¶ 50, including without limitation:

a. Any and all documents, ESI, or other tangible items reflecting the existence of a written DEA policy concerning the removal of individual identifier tags or badges by DEA employees;

b. Any and all documents, ESI, or other tangible items reflecting the existence of a written FBI policy concerning the removal of individual identifier tags or badges by FBI employees;

c. Any and all documents, ESI, or other tangible items reflecting the existence of a written DHS policy concerning the removal of individual identifier tags or badges by DHS employees;

d. Any and all documents, ESI, or other tangible items reflecting the existence of a written ICE policy concerning the removal of individual identifier tags or badges by ICE employees; and

e. Any and all documents, ESI, or other tangible items reflecting the existence of a written CBP policy concerning the removal of individual identifier tags or badges by CBP employees.

**Specific Objections:** Plaintiff objects that "federal policy," "policy," "DEA," "FBI," "DHS," "ICE," "CBP," and "employees" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 12–16 and 19–21. Plaintiff further objects to this Request to the extent it seeks "any and all" documents for the reasons stated in General Objection No. 11. Plaintiff further objects that "ESI," "other tangible items" and "including without limitation" are vague, ambiguous, and lacking the reasonable particularity required by Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 34. Plaintiff further objects to the Request as unduly burdensome and not proportional to the needs of the case because it is not limited by temporal scope. Plaintiff further objects that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the deliberative-process privilege.

**Answer as to DEA:** Subject to and without waiving the General and Specific Objections, Plaintiff intends to produce any responsive documents in a supplemental disclosure.

**Answer as to FBI:** Subject to and without waiving the General and Specific Objections, Plaintiff will produce unredacted copies of these materials subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order. ECF No. 26.

**Answer as to ICE ERO:** Subject to and without waiving the General and Specific Objections, please see Bates Stamps ERO_RED000001–35 and ERO000036–37. Plaintiff will produce unredacted copies of these materials subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order. ECF No. 26.

**Answer as to ICE HSI:** Subject to and without waiving the General and Specific Objections, a reasonable search did not yield documents responsive to the Request.

**Answer as to CBP:** Subject to and without waiving the General and Specific Objections, please see Bates Stamps AMO000001–35; OFO_RED000001–49; USBP_RED00001–42; and OPR_RED000001–7. Plaintiff will produce unredacted copies of these materials subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order. ECF No. 26.

**REQUEST FOR PRODUCTION NO. 3**

Produce any and all documents, ESI, or other tangible items defining the uniform requirements for federal law enforcement officers, including employees of DEA, FBI, DHS, ICE, and CBP.

**Specific Objections:** Plaintiff objects that "federal law enforcement officers," "employees," "DEA," "FBI," "DHS," "ICE," and "CBP" are vague and ambiguous. Plaintiff interprets those terms consistently with General Objections Nos. 12–17 and 20. Plaintiff further objects to this Request to the extent it seeks "any and all" documents for the reasons stated in General Objection No. 11. Plaintiff further objects to this Request to the extent it seeks "any and all" documents for the reasons stated in General Objection No. 11. Plaintiff further objects that "documents," "ESI," and "other tangible items," and "including without limitation" are vague,

ambiguous, and lacking the reasonable particularity required by Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 34. Plaintiff further objects to the Request as unduly burdensome and not proportional to the needs of the case because it is not limited by temporal scope. Plaintiff further objects that this Request seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and the deliberative-process privilege.

**Answer as to DEA:** Subject to and without waiving the General and Specific Objections, Plaintiff intends to produce any responsive documents in a supplemental disclosure.

**Answer as to FBI:** Subject to and without waiving the General and Specific Objections, Plaintiff will produce unredacted copies of these materials subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order. ECF No. 26.

**Answer as to ICE ERO:** Subject to and without waiving the General and Specific Objections, please see Bates Stamps ERO_RED000001–35 and ERO000036–37. Plaintiff will produce unredacted copies of these materials subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order. ECF No. 26.

**Answer as to ICE HSI:** Subject to and without waiving the General and Specific Objections, a reasonable search did not yield documents responsive to the Request.

**Answer as to CBP:** Subject to and without waiving the General and Specific Objections, please see Bates Stamps AMO000001–35; OFO_RED000001–49; USBP_RED00001–42; and OPR_RED000001–7. Plaintiff will produce unredacted copies of these materials subject to entry of the Protective Order requested in Plaintiff's pending motion for protective order. ECF No. 26.

**REQUEST FOR PRODUCTION NO. 4**

Produce any and all documents, ESI, or other tangible items that tend to show that facial coverings and/or masks are or have been furnished to federal law enforcement officers, including without limitation employees of DEA, FBI, DHS, ICE, and/or CBP, pursuant to 5 U.S.C. § 5901.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "facial coverings," "masks," "federal law enforcement officers," "employees," "DEA," "FBI," "DHS," "ICE," and "CBP" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 12–17 and 21. Plaintiff further objects to this Request to the extent it seeks "any and all" documents for the reasons stated in General Objection No. 11. Plaintiff further objects that "documents," "ESI," and "other tangible items," and "including without limitation" are vague, ambiguous, and lacking the reasonable particularity required by Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 34. Plaintiff further objects to the Request as unduly burdensome and not proportional to the needs of the case because it is not limited by temporal scope. Plaintiff further objects that this request seeks information that is not relevant to any legally recognized claim or defense of any party with respect to the pending Motion for Preliminary Injunction. The issues before the Court are whether the Ordinance regulates the Federal Government as that in and of itself is a cognizable harm.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST FOR PRODUCTION NO. 5**

Produce any and all documents, ESI, or other tangible items that federal law enforcement officers, including without limitation employees of DEA, FBI, DHS, ICE and/or CBP, are currently or have previously received a uniform allowance or reimbursement for facial coverings and/or masks.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "facial coverings," "masks," "federal law enforcement officers," "employees," "DEA," "FBI," "DHS," "ICE," and "CBP" are

vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 12–17 and 21. Plaintiff further objects to this Request to the extent it seeks “any and all” documents for the reasons stated in General Objection No. 11. Plaintiff further objects that “documents,” “ESI,” and “other tangible items,” and “including without limitation” are vague, ambiguous, and lacking the reasonable particularity required by Federal Rule of Civil Procedure 34. *Id.* Plaintiff further objects to the Request as unduly burdensome and not proportional to the needs of the case because it is not limited by temporal scope. Plaintiff further objects that this request seeks information that is not relevant to any legally recognized claim or defense of any party with respect to the pending Motion for Preliminary Injunction. The issues before the Court are whether the Ordinance regulates the Federal Government as that in and of itself is a cognizable harm.

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST FOR PRODUCTION NO. 6**

Produce any and all documents, ESI, or other tangible items identifying DHS, ICE, or CBP conference call agenda items related to facial coverings and/or masks from January 2025 to the present.

**Specific Objections:** Plaintiff objects that this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff objects that “and/or” is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that “DHS,” “ICE,” “CBP,” “facial coverings,” and “masks” are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 12–14 and 21. Plaintiff further objects to this Request to the extent it seeks “any and all” documents for the reasons stated in General Objection No. 11. Plaintiff further objects that “ESI,” “other tangible items,” “to the extent that,” “reflecting the existence of,” “concerning,” and “including without

limitation" are vague, ambiguous, and lacking the reasonable particularity required by Federal Rule of Civil Procedure 34. *Id.*

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST FOR PRODUCTION NO. 7**

Produce any and all documents, ESI, or other tangible items identifying DHS, ICE, or CBP conference call agenda items related to the adding or removal of individual identifier badges or tags from January 2025 to the present.

**Specific Objections:** Plaintiff objects that this Request is a subject of its pending motion seeking an order relieving Plaintiff of any obligation to respond to this Request. Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "DHS," "ICE," and "CBP" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 12–14. Plaintiff further objects to this Request to the extent it seeks "any and all" documents for the reasons stated in General Objection No. 11. Plaintiff further objects that "ESI," "other tangible items," "to the extent that," "reflecting the existence of," "concerning," and "including without limitation" are vague, ambiguous, and lacking the reasonable particularity required by Federal Rule of Civil Procedure 34. *Id.*

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

**REQUEST FOR PRODUCTION NO. 8**

Produce any and all documents, ESI, or other tangible items identifying DHS, ICE, or CBP email broadcasts concerning facial coverings and/or masks, as well as adding or removing individual identifier tags.

**Specific Objections:** Plaintiff objects that "and/or" is vague and ambiguous for the reasons stated in General Objection No. 23. Plaintiff further objects that "DHS," "ICE," "CBP," "facial coverings," and "masks" are vague and ambiguous. Plaintiff interprets these terms consistently with General Objections Nos. 12–14 and 21. Plaintiff further objects to this Request to the extent it seeks "any and all" documents for the reasons stated in General Objection No. 11. Plaintiff further objects that "ESI," "other tangible items," "to the extent that," "reflecting the existence of," "concerning," and "including without limitation" are vague, ambiguous, and lacking the reasonable particularity required by Federal Rule of Civil Procedure 34. *Id.*

**Answer:** Subject to and without waiving the General and Specific Objections, Plaintiff has no further response.

* * *

As to the Interrogatory Answers, see Verification pages *infra*.

As to objections, Requests to Admit, and Requests for Production:

Dated: October 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

HILARY K. PERKINS
Director
Enforcement & Affirmative Litigation Branch

JACQUELINE COLEMAN SNEAD
Deputy Director, Affirmative Litigation Section

*/s/ Alexander William Furtaw*
Alexander William Furtaw (District of Columbia Bar No. 90036368)
Trial Attorney
Enforcement & Affirmative Litigation Branch

Civil Division, U.S. Department of Justice
450 Fifth Street, N.W., Ste 6400 South
Washington, D.C. 20001
Tel.: (202) 598-5667
Email: alexander.w.furtaw@usdoj.gov

*/s/ Pooja Majmundar*
Pooja Majmundar (DC Bar No. 1779930)
Trial Attorney
Enforcement & Affirmative Litigation Branch
Civil Division, U.S. Department of Justice
450 Fifth Street, N.W., Ste 6400 South
Washington, D.C. 20001
Telephone: (202) 598-0280
Email: Pooja.D.Majmundar@usdoj.gov

*Counsel for Plaintiff the United States of America*

## VERIFICATION OF INTERROGATORY ANSWERS

I, Cassandra Kubiszewski, am the Assistant Field Office Director for the Milwaukee Sub Office of the Enforcement and Removal Operations for Immigration and Customs Enforcement located in Milwaukee, Wisconsin. I believe, based on reasonable inquiry, that the foregoing answers to interrogatories on behalf of Plaintiff the United States, are true and accurate with respect to the Enforcement and Removal Operations for Immigration and Customs Enforcement to the best of my knowledge, information, and belief, with the understanding that the United States reserves the right to further supplement its answers.

I verify under penalty of perjury that the foregoing is true and accurate.

Executed: October 9, 2026

CASSANDRA E KUBISZEWSKI
Digitally signed by CASSANDRA E KUBISZEWSKI
Date: 2026.10.09 13:07:48 -05'00'

Cassandra Kubiszewski

## VERIFICATION OF INTERROGATORY ANSWERS

I, Eric Rice, am the Assistant Special Agent in Charge of the Office of the Resident Agent in Charge (Milwaukee) at Homeland Security Investigations located in Milwaukee, Wisconsin. I believe, based on reasonable inquiry, that the foregoing answers to interrogatories on behalf of Plaintiff the United States, are true and accurate with respect to Homeland Security Investigations to the best of my knowledge, information, and belief, with the understanding that the United States reserves the right to further supplement its answers.

I verify under penalty of perjury that the foregoing is true and accurate.

Executed: October 9, 2026

Digitally signed by ERIC C RICE
Date: 2026.10.09 13:55:49 -05'00'

Eric Rice

**VERIFICATION OF INTERROGATORY NUMBER 3**

I, Cooper J. Smith, am the Executive Director, Policy Directorate at U.S. Customs and Border Protection, located in Washington, D.C. I believe, based on reasonable inquiry, that the foregoing answer to Defendants' Interrogatory No. 3 on behalf of Plaintiff the United States, is true and accurate with respect to U.S. Customs and Border Protection to the best of my knowledge, information, and belief, with the understanding that the United States reserves the right to further supplement its answers.

I verify under penalty of perjury that the foregoing is true and accurate.

Executed: October 9, 2026

COOPER J SMITH

Digitally signed by COOPER J SMITH
Date: 2026.10.09 18:28:22 -04'00'

Cooper J. Smith

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of Plaintiff's Objections and Responses to Defendant City of Milwaukee's First Set of Interrogatories, Requests for Production of Documents, and Requests to Admit on counsel of record in this case via email on October 9, 2026.

*/s/ Alexander William Furtaw*
Alexander William Furtaw