**EVAN C. GOYKE**
City Attorney

**MARY L. SCHANNING**
**ROBIN A. PEDERSON**
**NAOMI E. SANDERS**
**JULIE P. WILSON**
Deputy City Attorneys

CITY OF MILWAUKEE
**Office of the City Attorney**

Milwaukee City Hall Suite 800 • 200 East Wells Street • Milwaukee, Wisconsin 53202-3551
Telephone: 414.286.2601 • TDD: 414.286.2025 • Fax: 414.286.8550

**KATHRYN Z. BLOCK**
**THOMAS D. MILLER**
**PETER J. BLOCK**
**PATRICK J. MCCLAIN**
**ANDREA J. FOWLER**
**JOANNA FRACZEK**
**HANNAH R. JAHN**
**MEIGHAN M. ANGER**
**ALEXANDER R. CARSON**
**GREGORY P. KRUSE**
**ALEX T. MUELLER**
**ALEXANDER D. COSSI**
**KATHERINE A. HEADLEY**
**SHEILA THOBANI**
**STACY J. MILLER**
**JORDAN M. SCHETTLE**
**THERESA A. MONTAG**
**ALEXANDER E. FOUNDOS**
**TRAVIS J. GRESHAM**
**KYLE W. BAILEY**
**JOSEPH M. DOBBS**
**WILLIAM K. HOTCHKISS**
**CLINT B. MUCHE**
**TYLER M. HELSEL**
**ZACHARY A. HATFIELD**
**MEGHAN C. MCCABE**
**CYNTHIA HARRIS ORTEGA**
**OLUWASEUN CHRIS IBITOYE**
**KEVIN P. TODT**
**NATHANIEL E. ADAMSON**
**MATTEO REGINATO**
**JOSHUA B. CRONIN**
**ROBERT W. SANDERS**
**ELIZABETH K. MILES**
Assistant City Attorneys

October 19, 2026

**VIA EMAIL ONLY TO: pooja.d.majmundar@usdoj.gov**
Attorney Pooja Majmundar
U.S. Dept. of Justice, Civil Division
Enforcement & Affirmative Litigation Branch

Re: *United States of America v. City of Milwaukee*
E.D. Wis. Case No. 26-cv-1293

Attorney Majmundar:

As you know, the Defendant City of Milwaukee propounded its first set of written discovery requests in the above-entitled lawsuit on September 4, 2026. Plaintiff served its objections and responses on Friday, October 9, 2026, after an agreed-upon extension of the deadline to respond.

This correspondence serves as formal notice pursuant to F.R.C.P. 37 and Civil L.R. 37 that the objections and responses provided are deficient for the reasons outlined herein. Defendant City of Milwaukee requests that the parties meet and confer regarding these deficiencies at a mutually convenient time during the week of October 19, 2026.

Plaintiff's responses are deficient in the following ways:

1. Generalized objections are improper.

*Plaintiff's Objections and Responses to Defendant City of Milwaukee's First Set of Written Interrogatories, Requests for Production of Documents, and Requests to Admit* begins with eight (8) pages of generalized reservations and objections to Defendants' requests encompassing twenty-three (23) separate, numbered paragraphs. General objections reciting boilerplate language at the outset of discovery responses is a common, but completely improper discovery practice. *See LKQ Corp. v. Kia Motors America, Inc.*, Case No. 21 C 3166, 2023 WL 2429010, *3 (N.D. Ill. Mar. 9, 2023). Defendants request that these generalized objections be stricken and Plaintiff reissue objections and response specific to each numbered request.

2. A party may not both object to an RFA and respond.

"A matter is admitted unless … the party to whom the request is directed serves … a written answer *or* objection." *See* Fed. R. Civ. P. 36. "Thus a responding party is given only two choices:

MILWAUKEE

to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices." *LKQ Corp.*, 2023 WL 2429010, at *2 (internal quotation and citations omitted). Defendants request that Plaintiff properly answer RFAs 1-46 by either admitting or objecting, but not both.

3. Denying RFAs "based on" objections to the request do not meet the specificity requirement.

"If a matter is not admitted, the answer must specifically deny it." *See* Fed. R. Civ. P. 36(a)(4). "It is expected that denials will be forthright, specific, and unconditional." *See* Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2260 (3d ed.). "A denial that is 'based on' an objection to the entire request to admit is nonsensical as it does not respond to the substance of the matter." *LKQ Corp.*, 2023 WL 2429010, at *2. Defendants have requested that Plaintiff properly admit, deny, or object to each numbered RFA. In doing so, Plaintiff is advised to keep the foregoing in mind.

4. Interrogatory Nos. 1 and 2 are neither compound interrogatories, nor improper.

Fed. R. Civ. P. 36 imposes a duty of reasonable investigation. If a matter is not admitted, the responding party's answer must specifically deny the matter or state in detail why the party cannot truthfully admit or deny it. Interrogatories 1 and 2 are designed to elicit information about the inquiry engaged in by Plaintiff before responding. This information is relevant to the sufficiency of the answer, as well as the applicability of sanctions under Fed. R. Civ. P. 37(c)(2). All of the information sought in response to Interrogatory Nos. 1 and 2 relates to this single issue. Neither Interrogatory No. 1, nor No. 2 contains subparts.

5. Interrogatory No. 6 is neither vague, nor ambiguous.

Plaintiff's Complaint asserts that "[e]ven beyond the sovereign injury, compliance with Section 105-140 would endanger officers and reduce operational effectiveness by, among other things, subjecting them to standards that conflict with and differ materially from applicable federal standards and policies." (ECF No. 1, ¶ 50). This interrogatory asks Plaintiff to disclose what "other things" it meant and/or intends to argue before the Court.

6. Interrogatory No. 7 properly seeks information within the possession, custody, and control of Plaintiff.

Plaintiff's Complaint alludes to a particular incident without providing sufficient detail to identify when or where it occurred, or the parties involved. (ECF No. 1, ¶ 55). This request is designed to elicit non-privileged information about that incident. Plaintiff is in a comparatively better position than Defendant to provide those details.

7. Requests for Production Nos. 2 and 3.

In response to these requests, as to DEA, Plaintiff states it "intends to produce any responsive documents in a supplemental disclosure." Under the existing Scheduling Order, Discovery closed on October 13, 2026. Subsequent deadlines were established based on the belief

that all discovery would be produced on or before October 13, 2026. Plaintiff provides no detail about when supplemental responses may be expected, nor any explanation about how supplementing its responses after discovery has closed does not prejudice Defendant. Insomuch as a period of discovery was ordered by the Court for the express purpose of providing information to Defendant *before* it drafted its response to Plaintiff's motion, this is improper. Defendants request that Plaintiff produce responsive materials, if any, from DEA forthwith or clearly state that no responsive materials could be located after a reasonable inquiry.

8. Requests for Production Nos. 4 and 5 seek relevant information based on issues raised by Plaintiff.

Plaintiff's brief in support of its motion for preliminary injunction cites 5 U.S.C. § 5901, 29 U.S.C. § 668, and 10 U.S.C. § 723(b)(1) in support of the proposition that federal law empowers the Executive to "provide for and dictate federal law enforcement officers' uniforms and equipment." (ECF No. 4, 4-5). This request seeks documents and/or other materials which tend to substantiate the implicit claim that facial coverings are a part of federal employees' uniform, provided to them as equipment, or subject to reimbursement for the same reason.

9. Plaintiff's objections to Requests for Production Nos. 6 and 7 are without merit.

All of the terms used in the request are Plaintiffs own terminology from Plaintiff's complaint and brief. Those terms, as used herein, have the same meaning ascribed by Plaintiff when Plaintiff used them. Requesting "any and all documents" pertaining to a topic does not render that request vague or ambiguous. Proportionality is the touchstone of F.R.C.P. 26. Public reporting and court filings establish that federal policies and directives relating to immigration enforcement have been conveyed by the Trump Administration through conference calls with agency representatives since January 2025. This request is to discover the substance of those communications. While collecting the same may pose a greater burden than, e.g., collecting written directives, no undue burden exists under the circumstances because any difficulty faced now is a consequence of the choice to communicate Administration directives verbally rather than in writing.

Please propose dates and times during the week of October 19, 2026, when we might meet and confer regarding the preceding.

Very truly yours,

s/ Clint B. Muche

CLINT B. MUCHE
Assistant City Attorney