# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 26-CV-1293**

**CITY OF MILWAUKEE,**

**Defendant.**

---

## ORDER

This order addresses the renewed motion for a protective order filed by plaintiff, the United States, and resolves other discovery issues raised by defendant, the City of Milwaukee. In addition, the order establishes a schedule for completing current discovery and briefing on pending motions.

### A. Plaintiff's motion for a protective order

Plaintiff filed a renewed motion for a protective order on October 30, 2026, pursuant to Civil Local Rule 7(h) and Federal Rule of Civil Procedure 26(c). ECF No. 36. This motion, unlike the first one, focuses only on seeking protection with respect to law enforcement sensitive ("LES") information and personally identifying ("PI") information in responsive materials that plaintiff intends to produce in response to the City's discovery requests: "While the United States has already produced certain redacted documents to Defendant, this motion seeks to ensure that unredacted documents exchanged between the parties are handled in a manner that protects the security of sensitive information." *Id.* at 1. This seems a reasonable request as both LES and PI information are subject to specific statutory protections. *See* 5 U.S.C. §§ 552a(b); 552(b)(7). Defendant has

indicated that it does not object to the entry of plaintiff's proposed protective order. ECF No. 37 at 2.

The proposed order filed by plaintiff closely tracks the Eastern District's template for protective orders. I will sign it with one modification, reflecting potential public interest in these proceedings: Part F on challenges to confidentiality designations now reads "A party or non-party may challenge by motion the designation of confidentiality in documents filed with the Court."

**B. Defendant's request to compel discovery**

Defendant did not file a motion to compel. Nevertheless, in its response to plaintiff's motion for a protective order, the City asks me to compel production of certain information and documents, and/or deem admitted various requests for admission ("RFAs") to which plaintiff has not adequately responded. While this is not procedurally ideal, to expedite things I will address defendant's request now. Helpfully, the City *has* filed copies of its actual discovery requests and plaintiff's initial and supplemental production thus far.

As to the disputed RFAs (Nos. 17-19 and 41-46), I agree with plaintiff's position that defendant is seeking admission of legal conclusions, contested facts, and/or facts that can be easily demonstrated by the City or taken judicial notice of by the court. Accordingly, I will not deem these requests admitted or compel further responses from plaintiff.

As to requests for production ("RFPs") 6-7, defendant asks me to compel production of White House conference-call agenda materials from January 2025 forward related to facial coverings and identifying badges on federal agents. I find these RFPs to be disproportionate to the requirements of this case and unlikely to lead to evidence

needed resolve the legal and factual issues before the court. I will not compel production on RFPs 6-7.

### C. Scheduling going forward

Plaintiff filed its motion for a preliminary injunction and supporting materials on July 24, 2026, the day after the complaint was filed. The discovery conducted thus far was permitted to enable defendant to respond to the preliminary injunction motion. On October 30, 2026, while in the midst of various discovery disputes, plaintiff filed a motion for judgment on the pleadings, asking that the Rule 12(c) motion be decided before the preliminary injunction motion. I have reviewed both motions and much of the relevant legal precedent, and there is substantial overlap in the motions. With this in mind and to enhance judicial efficiency, I am ordering the parties to brief both motions in conjunction on the same briefing schedule, set forth below.

***

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for a protective order (ECF No. 36) is **GRANTED**. The modified protective order will be signed and docketed separately.

**IT IS FURTHER ORDERED** that the parties should complete discovery and briefing on the following schedule:

Plaintiff must produce all unredacted discovery, consistent with the protective order, by **November 17, 2026**.

Defendant must file a combined response to both the preliminary injunction motion and the Rule 12(c) motion by **December 8, 2026**.

Plaintiff must file a combined reply in support of both motions by **December 29, 2026**.

The parties are not limited to the page limits set forth in the Local Rules.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2026.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge